ELBAR REALTY, INC. *vs.* NATHANIEL SHAPIRO.

Suffolk.    February 9, 1961. — March 15, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Continuance, Waiver, Presence of party at trial.

On the record of an action against an inmate of a penal institution, he
waived his right to be present or represented by counsel on the first day
of the trial of the action, when a jury was empanelled and testimony
taken, and there was no infringement of his rights where it appeared
that on the second day of the trial he was present in court at the instance
of the plaintiff, was denied a continuance, and was compelled to testify
over his objection that he had not had an opportunity to "choose the
jurors or deny the sitting of . . . jurors," and that thereafter he was
present at but declined to participate in the trial, which resulted in a
verdict for the plaintiff.

TORT.    Writ in the Superior Court dated May 18, 1959.
The action was tried before *Morton,* J.

The case was submitted on briefs.

*David Lasker,* for the defendant.

*Claude B. Cross, Edward C. Park, & Charles C. Worth,*
for the plaintiff.

CUTTER, J.    This action to recover for the conversion of
a United States certificate of indebtedness relates to the
same transactions discussed in *Elbar Realty, Inc.* v. *City
Bank & Trust Co., ante,* p. 262, and was tried with that
case.    Shapiro originally appeared pro se.    Subsequently,
an attorney appeared for him but withdrew his appearance
on October 2, 1959.

On October 9, Shapiro, "who was incarcerated in the
Norfolk Prison Colony for receiving stolen goods, filed a
petition for a writ of habeas corpus [ad testificandum] to
be brought into court October 13, 1959." This petition was
dismissed the same day because the case against Shapiro
had been "continued . . . for trial to November 2, 1959,
and . . . [Shapiro was] given . . . until . . . October 30,
1959, to obtain counsel . . . before any further continu-

ances . . . [would be] granted.'' There was, of course, after the continuance no occasion for any court appearance by Shapiro on October 13.

The case was reached for trial on November 9, 1959. Shapiro ''was not present at the opening of the trial or represented by counsel.'' A jury was then empanelled, and three witnesses testified about the purchase by Elbar of the certificate of indebtedness, about how it was kept in Elbar's safe, and about the theft of the certificate. On November 10, Shapiro was brought into court on a writ of habeas corpus obtained by Elbar. Shapiro, before he took the stand, asked for a continuance. This was denied. He then declined to testify because he had not been afforded ''opportunity to choose the jurors or deny the sitting of . . . jurors as a defendant.'' A motion was made to hold him in contempt, and Shapiro proceeded to testify after saving an exception to the procedure adopted. Thereafter he was present at the trial, but in answer to inquiries by the judge ''stated that he would not put on . . . evidence, . . . examine witnesses, or address the jury.'' He then renewed his objections and exceptions. A verdict against Shapiro was returned.

There is no merit to Shapiro's exceptions. The case had been begun by writ dated May 18, 1959, and had been entered on July 6. Thus Shapiro, by November 9, had known for at least four months that it was pending. He was notified on October 9 of the continuance of the case until November 2 and was then told that he must obtain counsel by October 30. The strong implication of the notice to him is that the judge on October 30 would then, but not until then, be willing to consider a further continuance if cause for one appeared. The bill of exceptions does not show that, after October 9, Shapiro renewed his application for a writ of habeas corpus ad testificandum. He was brought into court on November 10 to testify by Elbar, not upon his own petition. He made no offer to prove that he had been unable to obtain counsel, or that he even had tried to do so, or that prison authorities had denied him opportu-

nity to file, or obstructed his filing, a petition for a new writ of habeas corpus. His prior application sufficiently shows that he knew the correct steps to take with respect to such a petition.

It was Shapiro's duty to be ready for trial on and after November 2, when reached on the list, unless he seasonably and successfully took steps to obtain a continuance. See *Germain* v. *Raad,* 297 Mass. 73, 76; *Clolinger* v. *Callahan,* 204 Ky. 33, 36. See also *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44. Cf. *Hendrick* v. *West Roxbury Co-op. Bank,* 325 Mass. 671, 674. There was no showing of failure to give Shapiro any notice to which he was entitled under applicable court rules. See Rule 57 of the Superior Court (1954). See also Rule 57A (effective September 1, 1956). Shapiro, a former lawyer, should have had sufficient familiarity with court trial lists to know how to obtain protection of his interests. In effect, he waived his right to be present by failing to appear, or to cause an appearance to be made for him, without sound excuse. See *Speers Sand & Clay Works, Inc.* v. *American Trust Co.* 52 F. 2d 831, 832–833 (4th Cir.), cert. den. 286 U. S. 548. Cf. *Arrington* v. *Robertson,* 114 F. 2d 821, 823 (3d Cir.). The denial of a continuance when Shapiro appeared for trial was a matter within the trial judge's discretion. That discretion was not abused. See *Noble* v. *Mead-Morrison Mfg. Co.* 237 Mass. 5, 16; *Commonwealth* v. *Festo,* 251 Mass. 275, 278. Cf. *Ackroyd's Case,* 340 Mass. 214, 218, and cases cited. We perceive no respect in which Shapiro has been deprived of any right.

*Exceptions overruled.*