CHESTER RUDNICKI *vs.* RICHARD I. GOTTLIEB & others. October 29, 1964. Order affirmed. This is a petition for a writ of error which was heard by a single justice of this court who ordered that a judgment for the defendants entered in the Superior Court be affirmed. We see no error in law or in fact. See G. L. c. 250, § 3.

*Chester Rudnicki,* pro se.

No argument or brief for the defendants.

CAESAR TAMAGNO *vs.* LEON I. LESHAY. October 29, 1964. Exceptions overruled. In the trial of an action of tort for the alleged negligence of the defendant dentist in his treatment of the plaintiff, the judge excluded, subject to the plaintiff's exception, a hypothetical question to a qualified dentist to determine if he had an opinion whether the use of certain materials and methods was consistent with good dental practice in the community. The burden is upon the excepting party to show error. *Posell* v. *Herscovitz,* 237 Mass. 513, 516. *Curtin* v. *Benjamin,* 305 Mass. 489, 494. The bill of exceptions fails to show any evidence that the methods or materials assumed in the question were used by the defendant, or any representation by the plaintiff, accepted by the judge, that evidence to that effect would be forthcoming. There was no error in excluding the question. *Anderson* v. *Albertstamm,* 176 Mass. 87, 91. *Earle* v. *New York Cent. & Hudson River R.R.* 235 Mass. 61, 65. *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.* 342 Mass. 58, 66. There being no competent evidence of the defendant's negligence, there was no error in directing a verdict for the defendant. *Brown* v. *United States Fid. & Guar. Co.* 336 Mass. 609, 614.

The case was submitted on briefs.

*Eli Fleishman* for the plaintiff.

*Charles J. Dunn & John F. Dunn* for the defendant.