RONALD J. ANDERSON *vs.* SPORT LOUNGE, INC. No. 88-P-910. October 16, 1989. *Practice, Civil*, Dismissal, Judicial discretion.

A complaint was filed on July 26, 1985, alleging that on July 27, 1982, the defendant named in the complaint was a business which negligently sold intoxicating liquor to the plaintiff when the plaintiff was intoxicated; it was alleged that, as a result, the plaintiff was injured in an automobile accident. On August 7, 1985, the plaintiff filed an amended complaint changing the name of the defendant to the present designation. Service on the defendant was made on August 8, 1985. Various motions of the defendant to dismiss or otherwise terminate the plaintiff's case were heard and denied.

On June 27, 1988, a pretrial conference was held; the pretrial report stated that the case was "Held on call [.] Parties to be ready - 6/28/88 Trial." The court convened on June 28, 1988, at 10:25 A.M., and a jury was empanelled. When the trial judge invited counsel to make their opening statements, the plaintiff's counsel disclosed that he had notified the plaintiff the previous night about the trial but that he could not reach him the morning of the trial: "[I]f I am going to get a directed verdict against me, I don't see the sense of going further into this." At 10:55 A.M., the court ordered a recess to give the plaintiff's counsel further time to reach the plaintiff. At 11:40 A.M., court reconvened, and counsel made their opening statements. After the openings, the plaintiff's counsel notified the court that the plaintiff was "on his way and should be here in about twenty or twenty-five minutes." The trial judge indicated that the jury could not be held indefinitely, but he did suspend for a half hour.

During this period, there was a hearing on the defendant's renewed motion to dismiss. At the end of the hearing, the trial judge allowed the defendant's motion "for the reasons stated in the motion and for the failure of the plaintiff to appear and prosecute his case." Thereupon, the hearing was concluded; the time was 12:30 P.M. The plaintiff asserts in his brief that he arrived five minutes later after everyone had left the courtroom.

The trial judge did not abuse his discretion in dismissing the action for the failure of the plaintiff to prosecute his case.[1] See Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974). The judge here waited more than two hours for the plaintiff to arrive. Although the plaintiff's counsel at one point did not "see the sense of going further" with the case, in the light of the plaintiff's absence, the trial judge proceeded with that part of the trial which did not require the plaintiff's presence, and he allowed the plaintiff's counsel time to try to reach the plaintiff. Finally, after two hours, with the plaintiff by his own admission still not present, the judge dismissed the case. See *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021, 1022 n.4 (1985).

The plaintiff here attempts to liken this case to *Monahan* v. *Washburn*, 400 Mass. 126 (1987). The comparison fails, as there the plaintiff's documented sickness precluded his presence at trial. *Id.* at 129. Compare *Bird* v. *Ross*, 393 Mass. 789, 791-792 (1985), where the neglect was the defendant's own. This is not a case where "the carelessness . . . is relatively minor and is attributable to counsel and not to the litigant." *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. at 1023. Rather, the plaintiff's absence looms large when viewed as a product of his own apparent neglect, occurring after a jury had been empanelled, and preventing the trial from proceeding. Indeed, the plaintiff has never offered to explain his absence by a motion for relief from judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), or otherwise. See, e.g., *Wilkinson* v. *Guarino*, *supra.* The only indication we have that the plaintiff in fact ever appeared is the unverified assertion in his brief that he arrived in the courtroom five minutes after the hearing had been concluded.

Courts have inherent power to dismiss a case for lack of prosecution; such inherent power is necessary to keep the judicial system operating efficiently. "The authority of a court to dismiss [even] *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *State Realty Co.* v. *MacNeil Bros.*, 358 Mass. 374, 379 (1970), quoting from *Link* v. *Wabash R.R.*, 370 U.S. 626, 630-631 (1962).

Whether a case should be dismissed for lack of prosecution is within the sound discretion of the judge. *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 641 (1986), and authorities cited. Only in rare instances will an appellate court rule that there has been an abuse of discretion amounting to an error of law. See *Merles* v. *Lerner*, 391 Mass. 221, 223-224 (1984). The judge here acted with patience; he allowed the plaintiff's coun-

---

[1] Because of the result we reach, it is not necessary to decide the merits of that part of the judge's order allowing the defendant's motion to dismiss which was based on its contention that the plaintiff failed to commence the action within the period of the statute of limitations.

sel to be heard throughout the proceedings; there is no evidence of prejudice on his part. Although "[i]nvoluntary dismissal is a drastic sanction which should be utilized only in extreme situations" (*Monahan* v. *Washburn*, 400 Mass. at 128-129), nevertheless, in the light of all the circumstances, we think that dismissal was an appropriate sanction in this case, and we find no abuse of discretion by the judge. See and compare *Hunnewell* v. *Hunnewell*, 15 Mass. App. Ct. 358, 363 (1983).

*Judgment affirmed, with double costs.*

*Kenneth H. Tatarian* for the defendant.
*Robert A. Koditek*, for the plaintiff, submitted a brief.