JOHN DEWING *vs.* J.B. DRISCOLL INSURANCE AGENCY & another.[1]

No. 89-P-1185.

Essex. January 23, 1991. - April 16, 1991.

Present: BROWN, PERRETTA, & LAURENCE, JJ.

*Practice, Civil,* Dismissal, Judicial discretion, Failure to prosecute.

In a civil action, the judge improperly dismissed in 1989 the plaintiff's 1982 complaint under Mass.R.Civ. P. 41 (b) (2) for failure to prosecute, where the record showed no evidence of unreasonable conduct or delay by the plaintiff nor any showing of prejudice to the defendants by the mere passage of time following a defendant's filing in 1985 of a certificate of readiness under rule 35 of the Superior Court. [470-473]

CIVIL ACTION commenced in the Superior Court Department on November 24, 1982.

The case was heard by *John T. Ronan,* J., on a motion to dismiss.

*Douglas M. Watson* for the plaintiff.
*William T. Bogaert* for J.B. Driscoll Insurance Agency.
*Dani Linn Woods,* for United Services Automobile Association, submitted a brief.

LAURENCE, J. John Dewing "totalled" his new Volkswagen Rabbit automobile in a one-car accident in December, 1981. Upon learning that his automobile insurance policy, underwritten by United Services Automobile Association (USAA) and sold to him by J.B. Driscoll Insurance Agency (Driscoll), contained an exclusion which denied him coverage for such an accident, he sued Driscoll and USAA in November, 1982. Dewing's complaint contained several counts based upon the defendants' allegedly negligent and deceptive failure to in-

---

[1]United Services Automobile Association.

form him adequately of the policy limitations and demanded a jury trial.

Between February, 1983, and March, 1985, the parties engaged in limited discovery.[2] On or about July 30, 1985, USAA filed and served on the other parties a certificate of readiness under Superior Court Rule 35, requesting that the action be placed on the advanced section of the jury trial list for the week of October 1, 1985.[3] Thereafter, no party undertook any action in the litigation until March, 1989. On February 28, 1989, a regional administrative judge of the

---

[2]Dewing submitted interrogatories and a request for production of documents to Driscoll, which duly responded. Dewing sought no discovery from USAA. Dewing's deposition was also taken.

[3]In 1985, Superior Court Rule 35, in effect since September 15, 1976, stated, in pertinent part:

"There shall be a monthly jury trial list for each sitting of the court.

"The list shall be composed of cases placed thereon (1) by order of the court, (2) by the filing of a Certificate of Readiness, (3) in their numerical order, or (4) in any combination of the foregoing. Said list need not be prepared for distribution except to such extent as may be deemed proper by the clerk or ordered by the court.

"There shall be an Advanced Section on each trial list composed of (1) cases placed thereon by order of the court, and (2) cases in which a Certificate of Readiness has been filed . . . .

"Not sooner than six months after the commencement of the action, a Certificate of Readiness may be filed by any party and joined in by any other party interested. If any parties interested have not joined in the Certificate of Readiness, the Certificate shall be served forthwith by the party or parties filing the Certificate on all other parties interested.

"The Certificate of Readiness shall be in substantially the following form:

'The undersigned party or parties to this action request that the action be placed on the Advanced Section of the jury trial list for the week of _____, 197___, and hereby certify as follows:

1. All pleadings and discovery have been completed.

2. No pretrial motions are pending.

3. I/We intend an actual jury trial and agree to be ready therefor when reached on the first trial day of the week designated above and continuously thereafter until reached for trial . . . .'

"Within ten days after the filing of a Certificate of Readiness, any other party interested may move that the action shall not be placed on the Advanced Section of the jury trial list. Any such motion shall be accompanied by a certificate specifying the particulars in which

Superior Court sent the parties a notice and order warning that the case, having remained inactive since July 30, 1985, "is to be dismissed as of February 28, 1990, unless the case is otherwise disposed of pursuant to Rule 41(b)(1) of the M.R.C.P."[4] Two weeks later, both Driscoll and USAA filed motions to dismiss Dewing's complaint with prejudice, pursuant to Mass.R.Civ.P. 41(b)(2), "for want of prosecution."[5] The sole stated ground for those motions was that Dewing had taken no action to prosecute his case against the defendants since July, 1985. No assertion was made by either Driscoll or USAA that it had suffered any prejudice as a result of Dewing's inaction.

Dewing filed timely oppositions to the motions, maintaining that he had completed all the discovery he needed and had at all times since July, 1985, been ready to appear for

---

the action is not ready for trial, and shall be marked for prompt hearing by the moving party.

"Short lists shall be made by the clerk under the direction of the justice having direction of the lists and shall be mailed to all counsel of record in the cases thereon; but failure to receive such list shall not be a sufficient excuse for ignorance that a case appears thereon."

The 1989 version of rule 35 did not differ in any material respect. The docket entries in this matter do not indicate that the case was ever in fact placed on a trial list.

[4]Massachusetts Rule of Civil Procedure 41(b)(1), 365 Mass. 804 (1974), provides, in pertinent part:

"The court may on notice as hereinafter provided at any time, in its discretion, dismiss for lack of prosecution any action which has remained upon the docket for three years preceding said notice without activity shown . . . . The notice shall state that the action will be dismissed on a day certain, (not less than one year from the date of the notice) unless before that day the case has been tried, heard on the merits, otherwise disposed of, or unless the court on motion with or without notice shall otherwise order."

[5]Massachusetts Rule of Civil Procedure 41(b)(2), 365 Mass. 804 (1974), provides, in pertinent part:

"On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court."

Unless the court expressly states otherwise, an involuntary dismissal under rule 41(b)(2) operates as an adjudication on the merits. Mass.R.Civ.P. 41(b)(3), 365 Mass. 805 (1974).

trial whenever so ordered by the court. A Superior Court judge allowed the defendants' motions for involuntary dismissal without a hearing on April 19, 1989. Dewing filed a motion for reconsideration, repeating his prior points and noting further that he had no way to cause the court to schedule the case for trial but could only await a trial date. On June 27, 1989, his motion for reconsideration was denied, again without a hearing, and judgment was entered that day dismissing the action on the merits. Dewing appealed from that judgment on July 27, 1989.[6]

A dismissal under Mass.R.Civ.P. 41(b)(2) for failure to prosecute is committed to the sound discretion of the trial judge and can be reversed only in the rare instance that it is so arbitrary, capricious, whimsical, or idiosyncratic that it constitutes an abuse of discretion amounting to an error of law. See *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 641-642 (1986), and authorities cited. We reverse the judgment of dismissal here as presenting one of the rare cases where the trial judge, while undoubtedly and properly motivated by a desire to dispose of cases expeditiously, nonetheless failed to exercise his discretion properly.

Our disposition is governed by the holding in *Monahan* v. *Washburn*, 400 Mass. 126, 128-129 (1987):

---

[6]For reasons that do not appear on the record, the Superior Court judge belatedly held a hearing on Dewing's motion for reconsideration, apparently on his own motion, on September 6, 1989. No transcript of what transpired at the hearing was made, and the judge again denied the motion without opinion or record explanation the same day. Dewing did not take a further appeal from that action. This unexplained proceeding did not have the effect of vitiating the appeal filed on July 27. Contrast Mass.R.A.P. 4(a) second par., as amended, 393 Mass. 1239 (1985). Cf. *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 300-303 (1985). Since the defendants have not been prejudiced by the chronology of events, even were a procedural irregularity arguably involved, "we will not avoid a decision on the merits on the basis of such a technicality," *Hutchinson* v. *Hutchinson*, 6 Mass. App. Ct. 705, 707 (1978), at least in the peculiar circumstances of this case. Any misstep here was of the relatively innocuous kind rather than a serious default subversive of the appellate procedural system. See *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975); Mass.R.A.P. 2, 365 Mass. 845 (1974).

"Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations. As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should give sufficient consideration to the prejudice that the movant would incur if the motion were denied, and whether there are more suitable, alternative penalties. Concern for the avoidance of a congested calendar must not come at the expense of justice. The law strongly favors a trial on the merits of a claim."

On the state of this record, which fails to demonstrate any consideration of the threshold factors as required by *Monahan*, we have no hesitation in concluding that it was "erroneously Draconian," *id.* at 129, to dismiss Dewing's complaint with prejudice.

Even had the judge addressed the factors set out in *Monahan*, our conclusion, on this record and in the circumstances existing at the time of the ruling, would be no different. The record is devoid of any evidence of unreasonable conduct or delay by Dewing. He neither requested any continuances, nor impeded discovery by his adversaries, nor opposed the certificate of readiness. A plaintiff who has completed all the discovery, if any, he believes necessary or appropriate, who manifests an intention to go to trial, and who is merely awaiting the scheduling of a trial date for a case in which a certificate of readiness has been filed, need do no more and, indeed, as a practical matter can do no more, to accelerate the case for trial.[7]

---

[7]Once any party has filed a certificate of readiness requesting that the action be placed on the advanced section of the jury trial list, and no other party protests that action or seeks to have it removed from the trial list, all parties are deemed to have represented their intent to go to trial and to be ready therefor when reached. See Superior Court Rule 33 (1988); *Elbar Realty, Inc.* v. *Shapiro,* 342 Mass. 276, 278 appeal dismissed, 368 U.S. 802 (1961). Given the disputed factual issues in the case, Dewing had no basis for a motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974); nor, on the state of this record, did he or any other party appear to have grounds for a speedy trial motion under G. L. c. 231, § 59A.

In addition, there has been no showing at any stage of the proceedings that either Driscoll or USAA was prejudiced by the mere passage of time following the filing of the certificate of readiness. Finally, and most important, there existed more suitable alternatives for processing this litigation, which the judge did not utilize — possibly on account of the confusion that attended the initial efforts at implementation of time standards and case tracking pursuant to Superior Court Standing Order 1-88 (1988). The case could have been placed on an early trial list and called for trial, pursuant to either Superior Court Rule 35 or Superior Court Standing Order 2-81, § 1(11), § 4(11) & § 6, as amended (1988), thereby vindicating all legitimate interests involved. Alternatively, the judge could have transferred the action for trial in the District Court under Superior Court Rule 29(5)(c), as amended (1986).[8]

*Monahan, supra,* stands for the proposition that, at least when there is no showing of wilful delay or default by the plaintiff or serious prejudice to the defendant, involuntary dismissal with prejudice under rule 41(b)(2) constitutes reversible error when less drastic sufficient sanctions exist. The desirable result of reducing congestion in court dockets must be attained in a manner consistent with the fair administration of justice. See *Monahan, supra; Botsaris* v. *Botsaris,* 26 Mass. App. Ct. 254, 257-258 n.5 (1988). Calendar clearance cannot be pursued in ways that undercut the very purpose for which courts exist, to try cases on their merits and render

---

[8]Superior Court Rule 29(5)(b) (1986) states, in pertinent part: "Should it appear to the court during the hearing of any motion or other pre-trial event of any nature whatsoever that there is no reasonable likelihood . . . that recovery will exceed twenty-five thousand dollars . . . then the court of its own motion, after advising counsel of the same and affording a summary hearing thereon, may transfer the action for trial as provided in subparagraph (c) below [which provides for transfer to an appropriate District Court]." At the time Dewing's complaint was filed, the amount triggering a rule 29 transfer by the clerk or the court was $7,500. Dewing's complaint, seeking $19,500 on its face, appeared comfortably to exceed that earlier threshold.

justice in accordance with the substantial rights of parties ready for trial.

*Judgment reversed.*