McHugh, J.
Pending before the court are two motions, one by the plaintiff for a new trial and the other *44 by defendant for costs and expenses. Both motions are, for the following reasons, DENIED.
I. Motion for a New Trial
The case did not proceed to judgment because I declared a mistrial and discharged the jury. I did so after (1) telling the plaintiff he was required to answer questions his own lawyer had asked of him, (2) halting the day’s proceedings when plaintiffs disinclination to answer his own lawyer’s questions persisted so that plaintiff and counsel could get together over the evening to agree upon a less adversarial way of proceeding, (3) inquiring of plaintiff before the start of trial the following day about whether he and his lawyer had reached an accommodation and telling plaintiff that a further display of the type encountered the previous day would lead to a mistrial and (4) warning the plaintiff that morning, after his own lawyer’s questioning began, that he could not tell the jury about how bad his lawyers were and how much “evidence” they were keeping from the jury. When plaintiff ignored my instructions and continued to tell the jury about how incompetent his lawyers were, I declared a mistrial.
“A mistrial is declared because of some circumstance indicating that justice may not be done if the trial continues, and it [customarily] results only in the discharge of the jury and the empaneling of another jury to try the case anew.” Curley v. The Boston Herald-Traveler Corp., 314 Mass. 31, 32 (1943). Accord Holder v. Gilbane Building Co., 19 Mass.App.Ct. 214, 218 (1985). Nevertheless, and subject to constitutional limits, “[c]ourts have an inherent power to dismiss a case for lack of prosecution; such inherent power is necessary to keep the judicial system operating efficiently.” Anderson v. Sport Lounge, Inc., 27 Mass.App.Ct. 1208, 1209 (1989) (rescript). “The authority of a court to dismiss [even] sua sponte for lack of prosecution has generally been considered an ‘inherent power,’ governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” Id. quoting State Realty Co. v. MacNeil Brothers, 358 Mass. 374, 379 (1970).
This four-year-old case came on for trial after a prolonged series of pretrial proceedings. It is clear from the content of plaintiffs oral argument on the motion for a new trial, from the content of his post-trial submissions and from the manner in which he dealt with his attorneys before the trial began that he had had little confidence in them for years. In addition to the general principle and that “litigants are properly bound by the conduct of their attorneys” even when that conduct causes them to lose substantive rights because of gross neglect, Tibbitts v. Wisniewski, 27 Mass.App.Ct. 729, 733 (1989), plaintiff was on notice of his counsel’s perceived deficiencies well in advance of the trial and thus had an ample opportunity to engage new counsel to represent him before the trial began.[1]
Under all the circumstances revealed by the record, plaintiffs refusal to proceed with the case, plaintiffs refusal to find some ground of accommodation with his lawyers over the evening he was afforded for that purpose and plaintiffs refusal to proceed in the teeth of a specific direction to do so justified not only a mistrial but a mistrial with prejudice of the type I ordered in this case. In so saying, I recognize the substantial preference the judicial system rightly displays for disposition of cases on the merits. I further recognize and understand the emotional swings disenchanted litigants may experience during the life of a case. And I recognize that dismissal with prejudice is a sanction that should be ordered only in the rarest of cases. This, however, is that rare case.
II. The Motion for Costs
The Court has both inherent and express power to award costs even to a prevailing party in appropriate cases. See Superior Court Rule 18.1 decline to award costs here not because of any perceived lack of power to do so but because plaintiffs conduct, to this point at least, has generated for the Town no unnecessary costs.
Denial of the Town’s motion for summary judgment meant that the case had to proceed to trial. When trial began, plaintiff had a right to proceed with evidence and did so, at least initially. The subsequent mistrial with prejudice gave the Town as much as it could have hoped to achieve after a full trial on the merits but without the cost of calling witnesses to testify on its own behalf. While plaintiffs conduct cannot be condoned, the sanction imposed clearly reflects that lack of condonation. Viewed from the Town’s perspective, however, plaintiffs conduct amounted to an exercise in self-destruction that gave the Town a victory without at least some of the Town’s anticipated costs.[2]

I make no judgment about whether plaintiffs assessment of his counsel’s conduct was accurate. That aspect of the matter is not properly before me. Moreover, I do not know all of the details of plaintiffs relationship with counsel and could not possibly make an appropriate assessment without that knowledge.

 though I have denied plaintiffs motion for a new trial, that motion was not frivolous. The question whether a lesser sanction ought to be imposed for inappropriate conduct is always a question left to the Court's sound discretion. Discretion sometimes is exercised one way in the immediate aftermath of a disagreeable event and another way when there has been time for reflection. The fact that reflection did not yield a different result here does not trivialize plaintiffs’ effort to see if it would. Accordingly the costs to the Town of resisting plaintiffs’ motion are part of the ordinary costs of litigation and not costs generated by frivolity.