Martin, RJ.
This is an action of contract for a real estate commission on a complaint filed March 10,1992 and remanded to the Trial Court on April 5,1993. Plaintiff took no further action on the case and the case was dismissed under the “Standing Order 1-88” on May 25,1993. The actual controversy on this matter took place in 1983.
Plaintiff filed a motion under Rule 60 to vacate the 1-88 dismissal on May 25, 1995 and May 31, 1995 on the grounds of excusable neglect which the Court denied on June 13,1995. Excusable neglect calls for unique or extraordinary circumstance; Spound v. Mohasco, 534 F.2d 404. The concept of excusable neglect does not embrace mistake of counsel as to the law or other garden variety oversight and neglect. Attorneys are strongly presumed to know the law. Sloppiness in following the proscribed procedure for appeal is not encouraged or condoned. *87 Goldstein v. Barron, 382 Mass. 181, 188 (1980); Mailer v. Mailer, 387 Mass. 401, 408 (1982). Implicit in the denial of a Rule 60 motion is the finding that the action of counsel was inexcusable.
Plaintiff appeals the dismissal of his case under the provisions of “Standing Rule 1-88.” The order provides inter alia that, for all cases filed on or after July 1,1988, counsel must file a request for trial no earlier than the first day of the tenth month after the case was filed, which plaintiff did not do. The rule provides a remedy that provides that the plaintiff must file a motion to remove the dismissal and a request for a trial date within thirty days after the judgment. Plaintiff did not comply with the rule and request for a trial as required with the motion to vacate. Plaintiff, after the denial of his motion on June 13,1995, neglected to file any of the usual pertinent appellate motions but instead filed the same motion that had previously been denied on June 16, 1996, which was denied by the judge referencing back to the original motion. Plaintiff then sought to appeal the denial of the June 16th motion on July 21, 1995. Reversal may occur only in the rare instance of a capricious or arbitrary decision (Dewing v. J.B. Driscoll Insurance Agency, 30 Mass. App. Ct., 467, 473 (1991); Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct., 1208, 544 N.E. 2d 600 (1989); Heacock v. Heacock, 30 Mass. App. Ct., 304, 309 (1990-1991)) and the burden is on the plaintiff to prove an abuse of discretion (Tamagno v. Leshay, 348 Mass. 772 (1964)) which plaintiff has not done.
We find no abuse of discretion on the part of the trial justice and affirm. Plaintiff did not appeal the denial of the June 13th motion. Plaintiffs case was dismissed as a matter of law as of June 23,1995, RADA 4(a).
Plaintiff then filed an appeal of the denial of the second motion which was rendered moot because the case was dismissed on June 23rd. We find no abuse of discretion.
The denial of a motion to vacate is a matter of discretion.