The plaintiff, Robert Barclay, appeals from the dismissal for want of prosecution of his civil lawsuit to compel the District Attorney for Worcester County to conduct deoxyribonucleic acid (DNA) testing that has already been rejected repeatedly in postconviction rulings in his criminal case. Concluding that the dismissal for want of prosecution without an opportunity to be heard several months after the District Attorney asked for a hearing to be rescheduled was an abuse of discretion, we reverse.
1. Background. In 1997, a Worcester County jury convicted the plaintiff of murder in the first degree. In 1999, the Supreme Judicial Court affirmed the conviction. Commonwealth v. Coonan, 428 Mass. 823 (1999). In 2009, a Superior Court judge denied the plaintiff's motion under Mass.R.Crim.P. 30(c)(4), as appearing in 435 Mass. 1501 (2001), to conduct DNA testing on boxer shorts seized from the defendant's apartment. See U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 425 n.8 (2014) ("We may take judicial notice of the court papers filed in related cases"). A single justice of the Supreme Judicial Court denied the defendant leave to appeal. See G. L. c. 278, § 33E. Thereafter, a Superior Court judge denied the defendant's motion under G. L. c. 278A, § 3, to conduct DNA testing of the duct tape used to bind the victim. In 2014, a different single justice of the Supreme Judicial Court denied the defendant leave to appeal.
In April, 2015, the plaintiff filed a complaint in Superior Court, essentially asking that the court order the District Attorney's office to conduct DNA testing on the boxer shorts. The District Attorney filed a comprehensive motion to dismiss under Mass.R.Civ.P. 12, as appearing in 470 Mass. 1501 (2015), and the plaintiff filed an opposition to that motion. The parties appeared for a hearing on October 7, 2015. Two days later, a judge (the referring judge) referred the criminal conviction to the Committee for Public Counsel Services "for purposes of evaluating whether [the plaintiff] has a reasonable basis for a new trial motion or for seeking post-trial DNA or other forensic testing." The referring judge deferred action on the pending motion to dismiss in the meantime.
In July, 2016, the court scheduled a hearing on the case for August 29, 2016. The District Attorney, explaining that his counsel would be on vacation that day, asked the court to reschedule the hearing. The court cancelled the hearing but did not reschedule it.
On January 9, 2017, without any warning to the parties, a different judge (the dismissing judge) endorsed the District Attorney's rule 12 motion, "DISMISSED for want of prosecution, without prejudice to plaintiff's right to seek a new criminal trial after review by CPCS, per the court's 10/9/15 referral." Two days later, the court entered a judgment stating, "[T]he plaintiff(s) having failed to appear for 10/07/2015 02:00 PM Rule 12 Hearing and prosecute, and upon consideration thereof, It is ORDERED AND ADJUDGED: That the complaint of the plaintiff(s), listed below is hereby dismissed, without prejudice."
The plaintiff promptly filed a motion to reconsider, pointing out that the plaintiff did appear on October 7, 2015, and that the case had been stayed pursuant to the referring judge's order. The dismissing judge denied the motion to reconsider.
2. Discussion. "The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars." Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986), quoting from Link v. Wabash R.R., 370 U.S. 626, 629-630 (1962). Even where, as here, no rule authorizes dismissal for want of prosecution, a court has the inherent power to dismiss for want of prosecution. Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1022 n.4 (1985).
Nonetheless, "[i]nvoluntary dismissal is a drastic solution which should be utilized only in extreme situations." Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471 (1991), quoting from Monahan v. Washburn, 400 Mass. 126, 128 (1987). "As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant [for dismissal] would incur if the motion were denied, and whether there are more suitable, alternative penalties." Monahan, supra at 128-129. We review a dismissal for want of prosecution for an abuse of discretion. Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209 (1989).
Here, only a few months had passed since the District Attorney asked the court to reschedule the August, 2016, hearing, hardly a convincingly unreasonable delay. See Dewing, 30 Mass. App. Ct. at 471 (abuse of discretion to dismiss case where plaintiff waited over three years for trial to be scheduled without taking further action). The District Attorney can point to no prejudice to himself other than that "inherent with any passage of time." Any concern about delay could have been addressed by rescheduling the hearing, as had been requested.
Furthermore, the dismissal should not have occurred without any warning to the plaintiff or opportunity for the plaintiff to be heard. See Wilkinson, 19 Mass. App. Ct. at 1023 n.5 (raising, but not reaching, whether dismissal for want of prosecution without adequate notice deprives party of due process). Cf. Bucchiere, 396 Mass. at 640 (judge heard argument on motion to dismiss); Monahan, 400 Mass. at 128 (judge heard from counsel); Anderson, 27 Mass. App. Ct. at 1208-1209 (judge heard from counsel); Dewing, 30 Mass. App. Ct. at 469 (party filed written opposition to motion to dismiss). Without hearing from the plaintiff or giving the plaintiff an opportunity to be heard, the judge lacked the information necessary to support a dismissal for want of prosecution.
Judgment reversed.