The plaintiff, George Mackie, a prisoner at North Central Correctional Institution-Gardner (NCCI), filed a pro se complaint[4] in the Superior Court seeking judicial review of the denial of four grievances he filed against the defendants involving the processing of his mail. The defendants moved to dismiss the complaint for failure to prosecute pursuant to Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974). The judge allowed the motion, and the plaintiff appealed. We reverse.
Standard of review. "[D]ismissal under Mass. R. Civ. P. 41 (b) (2) for failure to prosecute is committed to the sound discretion of the trial judge and can be reversed only in the rare instance that it is so arbitrary, capricious, whimsical, or idiosyncratic that it constitutes an abuse of discretion amounting to an error of law." Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 470 (1991). Accordingly, we review for abuse of discretion.
Failure to prosecute. Rule 41 (b) (2) states that "[o]n motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Because the plaintiff is seeking judicial review of an administrative agency proceedings, his complaint is governed by Superior Court Standing Order 1-96 (2017). Paragraph 4 of this standing order requires that "[a] claim for judicial review shall be resolved through a motion for judgment on the pleadings, Mass. R. Civ. P. 12 (c).... A plaintiff's Rule 12 (c) motion and supporting memorandum shall be served within thirty (30) days of the service of the record."
Here, the plaintiff filed his complaint on January 18, 2017. The defendants filed their answer and the administrative record on April 19, 2017. When the defendants filed the record, the plaintiff's obligation to serve a motion for judgment on the pleadings within thirty days pursuant to the standing order was triggered. However, on May 15, 2017, the plaintiff filed a motion for extension of time to file judgment on the pleadings with an affidavit. No action was taken on the motion. Thereafter, on June 13, 2017, the plaintiff filed a motion to amend the complaint and motion for leave to file second supplemental civil complaint along with an affidavit. No action was taken on these motions.
The defendants moved for dismissal under rule 41 (b) (2), and after hearing, their motion was allowed. However, the plaintiff was actively pursuing his case. Indeed, he had filed a motion for an extension of time to file a motion for judgment on the pleadings which was pending when his case was dismissed. Additionally, the defendants failed to identify any meaningful prejudice that would result from the delay. Under these circumstances, allowance of the rule 41 (b) motion was an abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Judgment reversed.

The complaint is in the nature of certiorari, as well as for declaratory judgment and compensatory and punitive damages.