NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-247

RC INTERNATIONAL TEMP SERVICES, INC.

vs.

COLISEUM COMPANIES, INC.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, RC International Temp Services, Inc. (RC International), appeals from a judgment of dismissal, without prejudice, entered for lack of prosecution.  RC International argues that the judge erred in dismissing the case and in denying the plaintiff's "Motion to Appoint Receiver."  We affirm.

Background.  In April 2018, RC International, a temporary employment agency, filed its first amended complaint[2] against the defendant, Coliseum Companies, Inc. (Coliseum), an operator of commercial laundry facilities in Massachusetts.  RC International alleged, inter alia, that it provided "temporary

_____

[1] Doing business as Bay State Linen.

[2] RC International filed its original complaint on March 26, 2018.

workers" for employment at Coliseum; Coliseum agreed to pay RC International the "cost" of each temporary worker; the cost of each temporary worker included compliance with each worker's "legally mandated wages" (including but not limited to minimum and overtime wages, unemployment, workers' compensation, and Federal Insurance Contributions Act tax obligations); Coliseum's payments to RC International were insufficient to pay for the workers' legally mandated wages; and, as a result, Coliseum "prevented [RC International] from satisfying those obligations and has given rise to outstanding claims against [RC International and other temporary employment agencies] for certain sums and for potential penalties." In other words, because of Coliseum's breaches of its contract and obligations, RC International could not pay the temporary workers what they were owed and thus those workers have claims against RC International.[3]

At some later date in 2018, RC International's sole owner and officer, who is subject to Massachusetts criminal proceedings and Federal immigration restrictions, moved to the Dominican Republic. RC International's counsel has not had any

---

[3] At the hearing on the motion to dismiss and motion to appoint a receiver, counsel for RC International further represented, inter alia, that it filed suit to "get compensation for the asset which was converted," the asset being RC International's temporary workers that Coliseum allegedly stole from RC International.

contact with him since he left the United States.  On June 28, 2019, RC International was "dissolved by Court Order or by the [Secretary of the Commonwealth]."  Although the parties engaged in limited discovery in 2019 and early 2020, discovery and litigation halted in or around February or March of 2020.  Per the case tracking order, the discovery deadline passed on March 16, 2020, and the summary judgment deadline passed on May 14, 2020.  Neither party moved to extend the case tracking order or other deadlines.  The case remained dormant, in effect, until the parties received a notice to appear for a pretrial conference to be held on November 15, 2021.

On November 10, 2021, counsel for RC International filed a "Request to Cancel the Nov. 15, 2021 Pre-Trial Conference As No Pre-trial Memo Can be Drafted; Alternatively a Request for Remote Hearing."  That motion represented as follows:  Robert Carrion, the sole and controlling officer of RC International, was in the Dominican Republic, subject to ongoing Massachusetts criminal proceedings and Federal immigration restrictions, and "highly unlikely" to return to the United States; counsel for RC International has thus been "unable to obtain any engagement, information or instructions regarding [RC International's] litigation of this matter and has been unable to prepare a pre-trial memo"; and Carrion "has been unable or unwilling to communicate with [RC International's] attorney on the matters at

3

issue, and under these circumstances [counsel for RC International] must serve . . . a Motion to Withdraw."  On December 13, 2021, Coliseum filed a motion to dismiss the plaintiff's action with prejudice for failure to prosecute under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974).  The next day, RC International filed a motion to appoint a receiver.  A Superior Court judge scheduled a conference pursuant to Mass. R. Civ. P. 16, as amended, 466 Mass. 1401 (2011).[4]  On December 16, 2021, following a hearing on both motions, the judge denied the motion to appoint a receiver and allowed the motion to dismiss without prejudice.

Discussion.  1.  Appointment of receiver.  RC International argues that the judge erred in denying its motion to appoint a receiver because a dissolved corporation continues its corporate existence and may continue its litigation and wind up its business and affairs.  See G. L. c. 156D, §§ 14.05, 14.21.  See also G. L. c. 155, § 52.  The claim is unavailing.

"A receivership is an equitable remedy designed to protect and preserve the assets of a corporate debtor for those creditors who the court ultimately decides are entitled to them"

_____

[4] Although the record is unclear, it appears that the motion to dismiss and the motion to appoint a receiver were discussed at a status conference or pretrial conference held in mid-November, at which the judge instructed the parties to file their respective motions prior to December 16, 2021.

(citation omitted). Charlette v. Charlette Bros. Foundry, Inc., 59 Mass. App. Ct. 34, 45 (2003). "Generally, the appointment of a receiver rests in the sound discretion of the court." Lopez v. Medford Community Center, Inc., 384 Mass. 163, 169 (1981), quoting Falmouth Nat'l Bank v. Cape Cod Ship Canal Co., 166 Mass. 550, 568 (1896). "It is equally clear, however, that the remedy is sparingly invoked. A decree appointing a receiver 'can often have irreversible and far-reaching consequences for the (entity placed in receivership) and others. Therefore, particular care must be exercised by a judge in order to ascertain that facts exist which justify, and in the judge's discretion require, the appointment of a temporary or permanent receiver.'" Lopez, supra, quoting George Altman, Inc. v. Vogue Internationale, Inc., 366 Mass. 176, 179 (1974). See Perez v. Boston Hous. Auth., 379 Mass. 703, 733 (1980) (receivership always characterized as remedy of "last resort"); 12 C.A. Wright, A.R. Miller, & R.L. Marcus, Federal Practice and Procedure § 2983, at 18 (2014) (receiverships under Fed. R. Civ. P. 66 are "an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property"). In addition, "receivership is not meant to determine or confer liability on the corporation or order payment of debts. Rather, receivership is a prophylactic measure to protect assets, in the

5

event that a particular creditor can prove that the corporation is liable on a debt" (Emphasis deleted).  Charlette, supra at 46.

With these standards in mind, we need not dwell at length on the claim.  RC International sought the appointment of a receiver for itself.  As discussed, RC International had been dissolved and had no active officer, owner, or -- as far as the pleadings and record show -- shareholders.  Furthermore, RC International represented that a receiver would be needed should it somehow ultimately succeed in litigation that had come to a halt, and in which RC International, by its own admission, had no engagement, information, or instructions to proceed.  RC International cites no precedent or authority, from any jurisdiction, where a receiver has been appointed in a scenario like the present one, much less a case where a judge was found to have abused her discretion for failing to appoint a receiver in such a situation.  In these circumstances, and on the limited record before us, we cannot say that the denial of the motion to appoint a receiver was arbitrary, capricious, or fell outside of the reasonable range of alternatives.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Thus, there was no abuse of discretion.

2.  Dismissal.  RC International also contends that the judge abused her discretion by dismissing the first amended

complaint, without prejudice, for lack of prosecution. We disagree, albeit for reasons somewhat different than those relied on by the judge. See Lopes v. Commonwealth, 442 Mass. 170, 181 (2004), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993) ("We may affirm the judgment on 'any ground apparent on the record that supports the result reached in the [trial] court'").

As stated above, counsel for RC International was "unable to obtain any engagement, information or instructions regarding [RC International's] litigation of this matter and has been unable to prepare a pre-trial memo," and could not proceed in the litigation without the appointment of a receiver.[5] Having represented to the judge that without the appointment of a receiver it could not even file a pretrial conference report, much less answer ready for trial or proceed with the litigation, RC International violated Mass. R. Civ. P. 16 as well as the judge's order.[6] See Mass. R. Civ. P. 41 (b) (2) ("On motion of

---

[5] Asked at oral argument why it did not refile its complaint where the dismissal of the case was without prejudice, counsel for RC International responded, in essence, that even assuming RC International could somehow renew the litigation, it would ultimately need the appointment of a receiver to pursue and successfully conclude the litigation.

[6] Although the December 16, 2021, hearing before the judge appears to have been scheduled as both a pretrial conference and a motion hearing, the docket and record before us are somewhat unclear. That notwithstanding, it is undisputed that in response to the judge's pretrial orders, counsel for RC

the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff . . . to comply with these rules or any order of court").  Contrast Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471 (1991) ("A plaintiff who has completed all the discovery . . . who manifests an intention to go to trial, and who is merely awaiting the scheduling of a trial date . . . need do no more and, indeed, as a practical matter can do no more, to accelerate the case for trial").

In addition, where the judge did not abuse her discretion in denying the motion to appoint a receiver, we likewise cannot say that she abused her discretion in dismissing the case without prejudice in light of RC International's representations that it could not otherwise proceed.  See Mass. R. Civ. P. 41 (b) (2).  In these circumstances, the decision of the Superior Court judge "did not rest on whimsy, caprice, or arbitrary or idiosyncratic notions."  Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986).  Thus, under the unique facts

International represented that it was unable to move forward without the appointment of a receiver, had no "engagement, information or instructions" regarding the litigation, was unable to prepare a pretrial memorandum, and could not comply with Mass. R. Civ. P. 16.  Even assuming, arguendo, that there was no violation of rule 16, the judge did not err in dismissing the case for the reasons further stated herein.

and posture of this case, and on the limited record before us, we discern no error or abuse of discretion.

Judgment affirmed.

By the Court (Neyman, Shin & Hodgens, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  February 23, 2023.

---

[7] The panelists are listed in order of seniority.