NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-292

WAYLAND COLEMAN

vs.

CAROL A. MICI[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Wayland Coleman, appeals from a Superior Court judgment dismissing his complaint for, inter alia, relief in the nature of certiorari for want of prosecution.  Concluding that the dismissal was unwarranted where the plaintiff promptly proffered a plausible reason for his delay in moving for judgment on the pleadings and that less severe sanctions were available to the judge, we vacate the judgment and remand for further proceedings.

---

[1] Individually and as Commissioner of Correction.

[2] Kristie Ladouceur, individually and as superintendent of the North Central Correctional Institution; Randolph Miller, individually and as a disciplinary hearing officer; Kevin Anahory, individually and as a director of inmate discipline; and Thomas W. Perry Jr., individually and as a reporting officer.

1.  Background.  The plaintiff filed his complaint on January 24, 2020.  According to the returns of service filed with the Superior Court, service of the complaint was accomplished on the various defendants between February 13 and 20, 2020.  On May 15, 2020, the defendants filed the administrative record with the court.  See Superior Court Standing Order 1-96(2); Crowell v. Massachusetts Parole Bd., 477 Mass. 106, 109 (2017).  Counsel for the defendants signed a certificate of service attesting that he mailed a copy of the record to the plaintiff; the plaintiff alleges that this is not so, but in fact can know only that he never received it.

On March 2, 2021, the plaintiff moved for entry of a default on the ground that "[t]he Defendants have failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or any defense which it might have had, upon [plaintiff]."  In response, on March 24, 2021, counsel for the defendants informed the plaintiff that he had mailed a copy of the administrative record in May 2020 and sent the plaintiff another copy.  The plaintiff acknowledges to us -- but was never asked by the Superior Court judge -- that he received this copy. The motion for entry of a default was never ruled on.

After nine months had passed without a ruling on the motion for entry of a default, the defendants moved to dismiss for failure to prosecute pursuant to Mass. R. Civ. P. 41 (b) (2),

2

365 Mass. 803 (1974). The defendants did not identify any manner in which they had been prejudiced by the delay. The plaintiff promptly responded by asserting that the defendants did not make timely service of the record on him and arguing that, under these circumstances, his "request for entry of default was the proper avenue for the Plaintiff to continue to prosecute his complaint and seek redress." The defendants responded by producing evidence that they did serve the administrative record on the plaintiff. Without further hearing, the judge allowed the motion to dismiss, which functions as a dismissal with prejudice. See Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009). This appeal followed.

2. Dismissal for want of prosecution. "The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars." Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986), quoting Link v. Wabash R.R., 370 U.S. 626, 629-630 (1962). Nonetheless, "[i]nvoluntary dismissal is a drastic sanction which should be utilized only in extreme situations." Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471 (1991), quoting Monahan v. Washburn, 400 Mass. 126, 128 (1987). "As a minimal requirement, there must be convincing evidence of

3

unreasonable conduct or delay.  A judge should also give sufficient consideration to the prejudice that the movant [for dismissal] would incur if the motion were denied, and whether there are more suitable, alternative penalties."  Monahan, supra at 128-129.  We review a dismissal for want of prosecution for an abuse of discretion.  See Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209 (1989).

Superior Court Standing Order 1-96(4) requires the plaintiff in an administrative review case to file a motion for judgment on the pleadings within thirty days of service of the administrative record.[3]  See Bulldog Investors Gen. Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 213 (2010); Sullivan v. Superintendent, Mass. Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 771 (2022).  The standing order provides no description of the proper procedure where, as here, there is a pending motion for entry of a default for failure to serve the administrative record in a timely fashion.

To be sure, the Superior Court judge would have acted well within her discretion to require the plaintiff to file a motion for judgment on the pleadings, irrespective of the pending motion for entry of a default.  See Miller v. Superintendent,

---

[3] The deadline is extended where, unlike here, certain preliminary motions are timely made.  See Standing Order 1-96(3).

4

Mass. Correctional Inst., Shirley, 99 Mass. App. Ct. 395, 400 (2021) (prisoner raised claim of late service of record in motion for judgment on pleadings). Where the plaintiff, however, was actively pursuing his case through a motion for entry of a default and advanced a plausible theory why a motion for judgment on the pleadings was not yet due, and the defendants have not been prejudiced by any delay, this was not a circumstance in which "a severe sanction is necessary." Massachusetts Broken Stone Co. v. Planning Bd. of Weston, 45 Mass. App. Ct. 738, 740 (1998). Cf. Foley v. Walsh, 33 Mass. App. Ct. 937, 938 (1992), quoting Hoch v. Gavan, 25 Mass. App. Ct. 550, 552 (1988) (dismissal proper where, "on defendant's challenge, the plaintiff fails to come forward with a showing of reasonable excuse").

As we have held previously, "at least when there is no showing of wilful delay or default by the plaintiff or serious prejudice to the defendant, involuntary dismissal with prejudice under rule 41(b)(2) constitutes reversible error when less drastic sufficient sanctions exist." Dewing, 30 Mass. App. Ct. at 472. Here, the judge could have directed the plaintiff to file a motion for judgment on the pleadings notwithstanding the pending motion for entry of a default or simply denied the motion for entry of a default. So far as this record reflects, either action would have gotten this case moving again and ripe

5

for resolution.  Accordingly, the dismissal was improper.  See id. at 468-469 (error to dismiss where no action taken for over three years but no showing of prejudice or willful delay).  Contrast Anderson, 27 Mass. App. Ct. at 1209 (dismissal proper where plaintiff's absence prevented empaneled jury from reaching case); Hoch, 25 Mass. App. Ct. at 553 (dismissal proper where defendant had significant "risk of being prejudiced in his defense").

3.  Conclusion.  The judgment in favor of the defendants is vacated, and the case is remanded for further proceedings.

So ordered.

By the Court (Massing, Ditkoff & Singh, JJ.[4]),

Joseph F. Stanton

Clerk

Entered:  July 6, 2023.

---

[4] The panelists are listed in order of seniority.

6