JOHN J. BUCCHIERE & others[1] *vs.* NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Essex.  October 7, 1985. — January 30, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Dismissal, Judicial discretion.

The judge in a civil action properly exercised his discretion in dismissing
for lack of prosecution plaintiffs' complaint on the ground that, in the
six and one-half years since commencing their action, they had not
initiated any affirmative activity to prosecute it. [641-642]

CIVIL ACTION commenced in the Superior Court on December 7, 1977.

The case was heard by *John T. Ronan, J.,* on a motion to
dismiss.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*James N. Decoulos (Robert C. Hagopian* with him) for the
plaintiffs.

*Edward Woll, Jr.,* for the defendant.

LYNCH, J. On December 7, 1977, the plaintiffs commenced
this action against the defendant New England Telephone and
Telegraph Company (company), seeking money damages for
alleged overcharges over a period of thirty-seven years, result-
ing from "unjust, unreasonable, unjustly discriminatory toll
rates" applicable to residents of Saugus. Almost seven years
later a Superior Court judge allowed the company's motion to
dismiss under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 804

---

[1] The other plaintiffs are: Belden G. Bly, Jr., James C. Brenneman,
Domenic J. Arangio, Richard H. Bilodeau, Arthur Castraberti, Steven Ciar-
mitaro, Stanley Day, Pasquale DeRosa, Edwin B. Faulkner, Audley D.
Freehling, Harold J. Heyland, George W. Hickey, Charles W. Katis, Har-
rison R. Lewis, Augustus Luongo, Martin Noonan, Mario Pedi, Armand
W. Poitras, George R. Ringer and Andrew R. Sarno.

(1974), for failure to prosecute, and judgment was thereupon entered for the company. Without seeking reconsideration or other relief from judgment, such as a rule 60 (b) motion, 365 Mass. 828 (1974), the plaintiffs filed a notice of appeal. The Appeals Court vacated the judgment of dismissal, in a summary order without opinion, 19 Mass. App. Ct. 1113 (1985). We allowed the company's application for further appellate review. The question before us is whether the trial judge properly exercised his discretion in dismissing the complaint for lack of prosecution. We affirm the judgment of the Superior Court.

The proceedings in Superior Court show that the plaintiffs' only affirmative prosecutorial action was the filing of their complaint. Shortly after the complaint was filed, the company moved for dismissal. A judge of the Superior Court denied that motion on October 11, 1978, and denied the company's motion for reconsideration on November 20, 1978. Thereafter, the company answered the complaint on December 26, 1978. The company initiated discovery on January 11, 1979, by propounding requests for admissions to all plaintiffs. Those requests were never answered. On that same day, the company also moved for leave to propound interrogatories to the plaintiffs. On July 19, 1982, that motion was allowed, with the plaintiffs' assent. The interrogatories were served but the plaintiffs made no timely response. After the company filed an application for dismissal under rule 33 (a), as amended, 368 Mass. 905 (1976), on September 28, 1982, the parties were able to stipulate to an enlargement of the time for filing answers to interrogatories until November 9, 1982. The record indicates that at least twelve plaintiffs filed answers within that time period. On July 18, 1984, after nearly two years of inaction by the plaintiffs, the company moved to dismiss for failure to prosecute. After hearing argument, the judge granted the motion to dismiss on the ground that, in the six and one-half years since the filing of the action, the plaintiffs had not "initiated *any* prosecutorial activity whatsoever: there has been no discovery conducted by plaintiffs, no depositions, no document requests, no requests for admissions and no interrogatories, nor even an attempt to certify a class" (emphasis in original).

The allowance or denial of a motion to dismiss for failure to prosecute is committed to the judge's sound discretion. Mass. R. Civ. P. 41 (b) (2).[2] *Link* v. *Wabash R.R.*, 370 U.S. 626, 633 (1962). *Wersetsky* v. *First Fed. Sav. & Loan Ass'n,* 10 Mass. App. Ct. 916 (1980). *McClintoch* v. *Allen,* 4 Mass. App. Ct. 771 (1976). Cf. *Bishop* v. *Klein,* 380 Mass. 285, 288 (1980); Reporters' Notes to Mass. R. Civ. P. 60 (b), Mass. Ann. Laws, Rules of Civil Procedure at 585-588 (1982). There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment. See *Castellucci* v. *United States Fidelity & Guar. Co.,* 372 Mass. 288, 292-293 (1977); *Nabhan* v. *Selectmen of Salisbury,* 12 Mass. App. Ct. 264, 272 (1981).

"The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars." *Link* v. *Wabash R.R., supra* at 629-630. See *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.,* 358 Mass. 374, 379 (1970); *Massachusetts Gen. Hosp.* v. *Grassi,* 356 Mass. 1, 2 (1969); *Bancroft* v. *Sawin,* 143 Mass. 144, 146-147 (1887). Of "ancient origin," that power is critical to the orderly and expeditious disposition of cases and the calendar as a whole. *Link* v. *Wabash R.R., supra* at 630-631. *State Realty Co. of Boston, Inc., supra* at 379. "As with most rulings by a judge regarding the management of a case, '[o]nly in rare instances can it be ruled that there has been an abuse of discretion amounting to [an] error of law.' " *Merles* v. *Lerner,* 391 Mass. 221, 223-224 (1984), quoting *Bresnahan* v. *Proman,* 312 Mass. 97, 101-102 (1942). Indeed, abuse of discretion is "arbitrary determination, capricious disposition, or whimsical thinking," *Davis* v. *Boston Elevated Ry.,* 235 Mass. 482, 496 (1920), or "idiosyncratic choice," *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 433

---

[2] Massachusetts Rule of Civil Procedure 41 (b) (2), 365 Mass. 804 (1974), provides in part, "[T]he court may, *in its discretion,* dismiss any action for failure of the plaintiff to prosecute . . . ." (Emphasis added.)

(1979), quoting Restatement (Second) of Judgments § 122 comment g (Tent. Draft No. 6, 1979). See Restatement (Second) of Judgments § 74 comment g (1982).

The decision of the Superior Court judge was not one of those rare cases. It did not rest on whimsy, caprice, or arbitrary or idiosyncratic notions. While we are mindful that dismissal is a harsh result, rule 41 (b) (2) would be ineffective if a judge were unable to exercise his discretion to dismiss a case for want of prosecution when six and one-half years had elapsed without any form of affirmative prosecutorial activity. In *State Realty Co. of Boston, Inc., supra,* we stated that: "Litigants must act with reasonable diligence to bring their litigation to a final conclusion. Because of the volume of litigation pending before all levels of the judicial branch, it is essential that it devote its time and efforts to those litigants who prosecute their cases with reasonable diligence, and that it deny further consideration of cases which the litigants have unreasonably failed, neglected or refused to prosecute." *Id.* at 379. In that case we held that the Superior Court judge was justified in dismissing for want of prosecution a case which had sat dormant on the docket for eleven years.[3] *Id.* at 378-379. Several Federal courts have acknowledged that many years of prosecutorial inactivity is sufficient to justify dismissal. See *Harrelson* v. *United States,* 613 F.2d 114, 116 (5th Cir. 1980) (5 years); *Moore* v. *Telfon Communications Corp.,* 589 F.2d 959, 967 (9th Cir. 1978) (6 years). See also *Jafree* v. *Scott,* 590 F.2d 209, 211 (7th Cir. 1978). The dismissal in this case was within the proper discretion of the trial judge.

*Judgment of the Superior Court affirmed.*

---

[3] We also held that Rule 85 of the Superior Court (1954) which provided for dismissal of cases where there was a period of four years of inaction was appropriately applied in that case. *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.,* 358 Mass. 374, 379 n.4 (1970).