Dohoney, J.
The plaintiffs are attempting to recover damages for assault and battery which allegedly occurred on or about April 15,1984, at premises owned by the defendant.
The plaintiffs filed their complaint on April 15, 1987, blit did not make service upon the defendant until September 11,1987. On November 17,1987, the defendant moved that the complaint be dismissed for lack of prosecution. The defendant alleged prejudice by delay in service. In its Affidavit the defendant alleged that the incident in question never occurred and that it is unable to gather any information to help prepare its defense in this matter because of the delay.
On November 17, 1987, the Trial Justice made a finding that “the tardy action or inaction of the plaintiffs has prejudiced the defendants” and allowed the Motion to Dismiss for Lack of Prosecution. On January 20,1988, the Trial Justice denied Plaintiffs Motion for Rehearing.
Mass. Rule Civ. P., Rule 41 (b) (2) provides that “On motion of the defendant, with notice, the court may, in its discretion, dismiss anyaction for failure of the plaintiff to prosecute...” (Emphasis supplied). This has been applied to failure to obtain service on the defendant. See Hoch v. Gavan, 25 Mass. App. Ct. 550 (1988). Thus, our determination is not whether we would have decided the motion in the same manner as the Trial Justice but whether there has been an abuse of discretion. Our function is to uphold the Trial Justice except if the action was arbitrary, capricious or whimsical. Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639 (1986). We are mindful that there is precedent for permitting much longer delays in service. See Ahern v. Warner, 16 Mass. App. Ct. 223 (1983) (twenty-two months) and for permitting delays of somewhat similar length. See School Committee of Holyoke v. Duprey, 8 Mass. App. Ct. 58 (1979) (seven months); Mellinger v. Town of West Springfield, 401 Mass. 95 (1987) (four months). Generally the test is not as much a matter of time as it is a balancing of the lack of good faith and due diligence against the prejudice shown to have been caused. Brissette v. Crantz, 23 Mass. App. Ct. 213 (1986). We are also influenced to some extent by the policy apparently contained in the recent amendment to Mass. Rule Civ. P., Rule 4 (J) which in effect sets a period of ninety days unless there is a showing of good cause. (This *156 amendment was not applicable to this case since it became effective July 1, 1988.)
On balance, we cannot say there has been an abuse of discretion.
The plaintiff also asserts that the motion was converted to a motion for summaryjudgment. Their position is gleaned from some cryptic language of the Trial Justice on the Motion for Rehearing. The Trial Justice indicated that he had considered the complaint, the affidavit, and argument and that he made his decision in “summary judgment manner.” The Trial Justice was obligated to consider these matters.
Thus, the report is dismissed.