Gelinas, J.
This case presents the issue of whether a District Court Judge exceeded her authority and acted in an arbitrary, capricious or whimsical way in dismissing an action under Mass. R. Civ. P., Rule 41(b) (2). We hold that she did not so act and we dismiss the plaintiff s report, allowing the dismissal of the complaint in District Court to stand.
Plaintiff brought this action on June 24,1985, alleging a dispute over a real estate transaction occurring in 1983. According to the docket, a variety of pleading and discovery activities took place through July 21,1986; thereafter all activity, including discovery ceased. Defendant filed a motion to dismiss under Rule 41 on October 5, 1992, some six years and two months later. On November 23,1992 the judge allowed the motion to dismiss, finding that inaction for six years was unreasonable, in that no reason was offered for failure to prosecute discovery, and finding further that defendants were prejudiced as their business was closed.
The power to invoke the sanction of dismissal for want of prosecution is necessary in order to prevent undue delays in the disposition of pending cases, and the view taken by the trial judge should be upheld except when it is the result of arbitrary determination, capricious disposition or whimsical thinking — an idiosyncratic choice, Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). The judge *207 in her finding indicates that she gave due consideration to the two factors guiding determination of these cases, see Monahan v. Washburn, 400 Mass. 126 (1987); she found the delay unreasonable and found no excuse for plaintiffs delay proffered, and she found prejudice to the defendants because of the delay. There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result, Bucchiere v. New England Tel. & Tel., supra., and even if the dismissal may penalize the client for a fault of his attorney, Hoch v. Gavan, 25 Mass. App. Ct. 550 (1988).
The report must be dismissed.