LoConto, P.J.
Aggrieved by the trial judge’s allowance of the defendants’ motions to dismiss his complaint, the plaintiff/appellant Sandrino Oliver (“Oliver”) filed this appeal. The parties elected to submit an agreed statement of the case, "which, upon approval by the court, shall constitute the record on appeal.” Dist./ Mun. Cts. RAD. A, Rule 8B. Those facts necessary to an understanding of the issues are as follows. On July 11, 1995, Oliver brought a two count complaint against a John Doe Corporation, in negligence and breach of warranty, as a result of an injury he sustained at work on July 22,1992. On September 11,1995, a trial judge denied Oliver’s motion to inspect machinery in the possession of a non-party. However, Oliver’s motion for reconsideration of the motion to inspect was allowed on October 16,1995. A subsequent motion to compel said inspection and for sanctions was denied on June 6, 1996. The court dismissed the complaint in accordance with the time standards on March 21,1997, but a subsequent motion by Oliver to vacate the dismissal and to amend the complaint by adding the appel-lees, The Milford Rivet & Machine Co. and Automation Devices, Inc. as defendants, was allowed on April 28, 1997. After service of the complaint, the above-mentioned defendants’ motions to dismiss the action were allowed. The appellant’s brief suggests that determining the identity of the manufacturer of the machinery in question contributed to the delay. It recited efforts made to inspect the machinery at the appellant’s former employer’s factory. However, these facts were not part of the “Agreed Statement.”
The allowance or denial of a motion to dismiss pursuant to rule 41(b) (2), for the failure of the plaintiff to prosecute a case, is committed to the trial judge’s sound discretion. McClintoch v. Allen, 4 Mass. App. Ct. 771 (1976). ‘Where rule 41(b)(2) speaks of the court’s discretion, what is intended is that, as in other matters of case-management, the view taken by the trial judge shall be upheld except when it is the result of arbitrary determination, capricious disposition, or whimsical thinking — an idiosyncratic choice.” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986) (adopting the quoted language from other authority). Hoch v. Gavan, 25 Mass. App. Ct. 550 (1988). “There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment.” Bucchiere at 641. Instead, an appellate court reviewing a trial judge’s allowance of a motion to dismiss for the failure to prosecute must apply the familiar standard of abuse of discretion.
*54 Oliver brought this action eleven days before the termination of the three year statute of limitations, without the identity of the manufacturer of the machinery allegedly responsible for the injury. Approximately twenty months thereafter, the complaint was dismissed in accordance with the time standards. It was only upon the filing of a motion to vacate the dismissal and amend the complaint, filed one month later, that the appellant served notice on the appellees that they were responsible for an injury alleged to have occurred almost five years prior. ‘The mere passage of time does not require a dismissal; it must constitute prejudice to the defendants, afford the plaintiffs an unfair tactical advantage, or involve harassment of the defendants. Delay brings into question the plaintiffs’ good faith and due diligence, which, in the absence of extreme delay, must be balanced against the prejudice caused to the defendants.” Brissette v. Crantz, 23 Mass. App Ct. 213, 214 (1986). We rule that the trial judge did not abuse his discretion in applying this balancing test.
The substantial delay would significantly impair the appellees’ ability to defend this product liability claim. Oliver certainly knew he was injured in 1992, and should have had some specific knowledge to assist in the identification of the machinery in question. On the other hand, the defendants have had no opportunity to investigate the equipment or obtain testimonial evidence that may have been available. The legislature established a three year statute of limitations to avoid the inherent unfairness of defending unreasonably delayed claims. The defendants have been prejudiced by the delay.
Notwithstanding the finding of prejudice to the defendants, involuntary dismissal under rule 41(b) (2) constitutes reversible error when less drastic sufficient sanctions exist. Monahan v. Washburn, 400 Mass. 126 (1987). However, we find that there were no less drastic sanctions or conditions that the trial judge could have fashioned to remedy the harm caused by the appellant’s unreasonable delay. The granting of more time for discovery or the imposition of a monetary sanction could not ameliorate the defendants’ position. There were no suitable alternatives available to the trial judge and his decision to dismiss the complaint was not an abuse of his discretion. Therefore, we dismiss the appellant’s appeal and direct that the clerk of the trial court enter such an order.