McHugh, J.
This is a straightforward case arising out of an automobile accident. The plaintiff claims she was “rear ended” by a truck driven by the individual defendant and owned by the defendant cr nstruction company.
Despite its uncomplicated origins, the discovery process has been anything but uncomplicated. Routine medical records have not been produced voluntarily and that failure has necessitated taking myriad out-of-state record-keeper depositions. More important, plaintiffs conduct has produced three discovery orders, none of which has been followed.
The first of the three orders, entered on September 10, 1998 (Paper No. 16), came in response to defendant’s motion. The motion was generated by plaintiffs’ failure to produce discovery information and to appear for their depositions. That Order required completion of depositions by November 20, 1998, an independent medical examination of one plaintiff by December 11, 1998, all expert reports by January 15, 1999, and completion of all expert depositions by the end of January 1999. The Order also set a final pretrial conference date of February 11, 1999 and trial date of March 19, 1999.
For a variety of reasons, the plaintiffs did not meet the deadlines the September 20 Order contained. Through counsel, therefore, they and defendants agreed to present another motion for a deadline extension. That motion was presented to the court as a joint request and, on November 6, 1998, was allowed. The resulting Order (Paper No. 26) extended by one month each of the dates contained in the September 10 order. As a consequence, the date for completing the plaintiffs’ depositions was extended to December 20, 1998.
The plaintiffs did not voluntarily offer any dates for depositions before December 20, 1998. As a consequence, counsel for defendant noticed their depositions for December 1, 1998. Plaintiffs’ response was to seek an emergency motion to stay all proceedings in the case on grounds that their son was seriously ill. That fact — uncontested then and now — had not been brought to the attention of defendants’ counsel or the court at any earlier stage in the proceedings.
Plaintiffs’ motion was allowed in part (Paper No. 34). The court required the parties to agree before December 18, 1998, upon a date for the plaintiffs’ depositions and required that deposition date be some time before March 12, 1999. The court further ordered that no continuance of the deposition date was to take place without further order of the court.
By December 16, 1998, the parties had agreed that the plaintiffs’ depositions would occur on Monday, March 8, 1999. Plaintiffs, counsel sent the court a letter confirming that agreement.
Apparently, counsel for plaintiffs and counsel for defendant had no further conversation or contact with respect to the deposition until plaintiffs’ counsel left a voicemail for defendant’s counsel on the evening of Sunday, March 7, 1999, stating that the plaintiffs would not appear for their depositions the following day. In the voicemail, plaintiffs’ counsel gave no reason for plaintiffs’ decision. Plaintiffs, in fact, did not appear for their depositions on March 8. They now maintain, in essence, that they did not appear because *226 they were dissatisfied with their attorney’s level of preparation for the depositions and did not believe it would be in their best interest to go forward without better preparation.
Plaintiffs’ counsel followed his March 7 voicemail with an emergency motion to withdraw his appearance on plaintiffs’ behalf. That motion was met by the defendant’s present motion to dismiss. I heard and allowed the motion to withdraw on March 23, 1999, after requiring that notice of the hearing be given to plaintiffs themselves. On March 23, I told plaintiffs, who then were appearing pro se, in open court, that I would hear defendants’ motion to dismiss on April 28, and that they could use the time between March 23 and April 28 to retain counsel to represent them at that hearing and thereafter. On April 28, plaintiffs appeared without counsel stating that they had had an arrangement with a lawyer to appear on their behalf but that lawyer had, at the last moment, elected not to do so.
I recognize, as did the judge who entered the prior orders in this case, that discovery, for one reason or another, sometimes does not proceed as smoothly as one would hope and that a variety of circumstances— including, but surely not limited to, family illness — inevitably occur and must be accommodated by any system having justice as its goal. Plaintiffs’ election not to appear for their depositions on March 8, 1999, however, coming as it did without advance notice, without any statement of reasons, after the repeated extensions of discovery deadlines at their request or because of their inaction and based on their perception that their interests would not be served by appearing at the time and place they had agreed upon some four months earlier is wholly inconsistent with the orderly progress of litigation. Indeed, their action amounts to an intentional election to violate a court order, entered for their benefit, because violation of that order had the potential for greater benefit.
The question at this juncture is what to do about plaintiffs’ violation. Defendants seek dismissal of the case and that, surely, is one option available to the court. See Mass.R.Civ.P. 37(d)(1). Dismissal, however, is a harsh sanction, cf., e.g., Bucchiere v. New England Tel. &Tel. Co., 396 Mass. 639, 642 (1986), particularly when the court has other sanctions available to it.
In my view, the proper method for dealing with the plaintiffs’ action is to prohibit them from testifying at trial. The depositions, after all, were primarily designed to give the defendants notice of what the plaintiffs would say. Silencing them at trial, while not obviating the desirability of their depositions, surely reduces the depositions’ importance. Plaintiffs remain able to adduce proof of their claims through others, and if defendants have appropriate notice of who those others are and access to them, plaintiffs may be able to proceed. In any event, an order precluding the plaintiffs from testifying is, in my view, an order that treats plaintiffs’ election not to appear in accordance with the court order with the seriousness that election deserves while avoiding imposition of a penally out of proportion to the harm that election caused.
ORDER
In light of the foregoing, it is hereby ordered that Defendants’ Emergency Motion to Dismiss should be, and it hereby is DENIED. Plaintiffs, however, are prohibited from testifying at the trial of this action. The parties will appear, individually or through counsel, for a status conference on June 9, 1999 at 3:00 PM.

 Although styled an “emergency” motion, the court has provided ample time for a response and a hearing on the response and thus has not treated the motion on an “emergency” basis.