Wheatley, PJ.
The plaintiff (Hayes), the mother of eighteen-month-old Brittany Hayes (Brittany), sued the defendant (Purity) for redress for injuries which Brittany received when struck by soda cans which fell from a stack of cans on display in Purity’s store.[2] The complaint, originally filed in the Superior Court, was remanded to the District Court for trial. The District Court judge ordered the case dismissed. This order was vacated by another judge and the matter went to trial, which resulted in a verdict for Hayes for $48,500, plus interest. Purity’s motion for new trial thereafter was denied. Purity has appealed the ruling on the motion to vacate, the judgment upon trial, and the denial of the motion for new trial, under Mass. Dist./Mun. Cts. R. A. D. A., Rule 8C. We reverse the allowance of the motion to vacate and the case stands dismissed.
Brittany was injured on May 12, 1991, in Purity’s Whitman store. While Hayes was shopping there, some soda cans fell from a display stack of cans, which had been constructed by Purity’s employees, onto Brittany’s face and nose as she was sitting in the grocery cart. Hayes brought suit on her behalf in the Superior Court on April 7,1993. The case was remanded to the District Court on October 18,1994. The District Court docket reflects no further activity by any party until the filing by the plaintiff of a request for trial on November 17, 1998. On November 20, Purity filed a motion to strike Hayes’ request for trial and to dismiss for failure timely to file such a request and for failure to prosecute, which Judge Savignano allowed without prejudice on December 11. The dismissal operated as an adjudication on the merits. Mass. R. Civ. P., Rule 41 (b) (3), 365 Mass. 805 (1974). Wilkinson v. Guarino, 19 Mass. App. Ct. 1021 (1985), at 1022, 476 N.E.2d 983. Thereafter, on December 28, Hayes filed a motion to vacate the judgment of dismissal and requested a date for trial.[3] On *278 January 8, 1999, after a hearing, Judge Ryan allowed the motion to vacate the dismissal and set the matter down for a pre-trial conference and eventual trial.
The first issue that Purity raises is whether the trial judge was correct in allowing Hayes’ motion to vacate the dismissal of her case.[4] In its motion to dismiss, Purity had referred to’ the docket, which showed no activity on Hayes’ part from the date of entry in the District Court, October 18, 1994, until her filing of a request for trial, on November 17,1998, a period of over four years. It had urged, first, the application of Standing Order of the District Court 1-88, Civil Case Flow Management, which requires a dismissal for failure promptly to request a trial date.[5] As a second ground, Purity had asserted that Hayes had failed to prosecute her claim and had prejudiced Purity’s ability properly to defend the case. In the body of Purity’s motion, it had alleged that Purity “no longer exists and witnesses may be unavailable, and, if available, memories fade over time and would unfairly prejudice and limit defendant’s ability to defend this matter.” The hearing judge on the motion to dismiss made no findings of fact, merely noting in the margin of the motion, “Following a hearing, this Motion is Allowed and the case is dismissed without prejudice.”
That motion requested dismissal on two grounds, one, for Hayes’ failure timely to file a request for trial, and, two, for failure timely to prosecute her case. Relief from an order based on the failure timely to file a request for trial is found in G.L.c. 231, §59G, which provides, upon conformance with certain conditions not relevant here, for automatic relief from the dismissal order.[6]
Relief from the dismissal of the case for failure promptly to prosecute, presumably given under Mass. R. Civ. P., Rule 41(b) (2),[7] is a different matter requiring proof by the moving party which would fall within one or more of the categories delineated in Mass. R. Civ. P., Rule 60 (b). There is more of a burden on the moving party than under G.L.c. 239, §59G. See Hoch v. Gavan, 25 Mass. App. Ct. 550 (1988). The allowance or denial of a motion to dismiss pursuant to rule 41(b) (2), for the failure of the plaintiff to prosecute a case, is committed to the trial judge’s sound discretion. McClintoch v. Allen, 4 Mass. App. Ct. 771 (1976). Zarod v. Pierce, 26 Mass. App. Ct. 989 (1988). “Where rule 41(b) (2) speaks of the court’s discretion, what is intended is that, as in other matters of case-management, the view taken by the trial judge shall be upheld except when it is the result of arbitrary determination, capricious disposition, or whimsical thinking — an idiosyncratic choice.” Oliver v. The Milford Rivet & Machine Co., 1999 Mass. App. Div. 53, and cases cited. Another judge, hearing a motion to vacate such a dismissal, must not, absent grounds under Rule 60(b), be able merely to substitute his judgment for that of the first judge. Compare Bucchiere v. New England Tel. & Tel. Co., 396 *279 Mass. 639, 641 (1986) (“There is no error of law amounting to an abuse of discretion simply because a reviewing court-might have reached a different result; the standard of review is not substituted judgment.”).
Upon receipt of notice that her case had been dismissed, Hayes filed a motion to vacate the dismissal and assign a trial date, all “in accordance with M.G.L.c. 231 Section 59G, as inserted by St. 1989, c. 372....” There was no accompanying affidavit. G.L.c. 231, §59G does not require it. However, in order to obtain relief from the prior judgment made under rule 41(b) (2), she must, at a minimum, state, by affidavit, some information on which the court could base a decision overturning the prior ruling. Western Union Telegraph Co. v. Dismang, 106 F.2d 362 (1939), at 364. Otherwise, we, and the motion judge, are left to speculate as to the reasons.
The record reflects no statement of any basis for the allowance of the motion to vacate, no reasons for Hayes’ lengthy inactivity and no information on which to determine the strength or validity of Hayes’ case. Based on Purity’s statement that it no longer exists, and the fact that there had been no activity in the case for over four years, the decision of the first judge to dismiss the case was well within his discretion. Even if the judge chose not to accept Purity’s statement that it no longer existed, because, perhaps, it was not included in affidavit form, the fact that four years of inactivity had elapsed would have been sufficient grounds for the decision.[8] See former Rule 85 of Superior Court (1954) which mandated that a case, inactive for four years, be dismissed. The plaintiff is charged with the exercise of “reasonable diligence” in prosecuting the action. Failure to prosecute diligently alone justifies dismissal, even where actual prejudice to the defendant is not shown. Actual prejudice is presumed from unreasonable delay. Moore v. Teflon Communications Corp., 589 F.2d 959 (1978). Bucchiere, supra. The judge’s order to vacate the dismissal was error. Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963).
Accordingly, we reverse the allowance of the motion to vacate, and the prior dismissal stands.
So ordered.

 Purity, in turn, sued Ms. Hayes as a third party, claiming indemnification and contribution from her in the event of recovery by her in the main case.

 The motion, with no accompanying affidavit, states:
“In accordance with M.G.L.c. 231, Section 59G, as inserted by St. 1989, c. 372, Plaintiff, Brittany E. Hayes, a minor who brings this action by her Mother and Next Friend, Maureen Hayes, moves this Court to vacate its judgment of dismissal, entered on December 11,1998.
“Plaintiff further requests that this Court assign a trial date (or pretrial conference date if the same is required by local practice).”

 Because of our decision on this first issue, the challenge of the sufficiency of the evidence at the time of trial becomes moot and we do not consider it.

 1-88, IV, C, 2: “Request for trial.... [C] ounsel shallfile with the court a Request for Trial... no earlier than the first day of the tenth full month and not later than the last day of the twelfth full month after the case was filed....” Id., IV, B, 1: "... the filing date of a case transferred to the District Court pursuant to G.L.c. 231, §102C shall be the date it was received in the District Court.”

 The relevant language of §59G is: “Vacation of judgement. After notice of judgement a judgement of dismissal for failure to file a timely request for trial entered in an. action in the district court shall be vacated upon the filing of a motion therefor within thirty days from entry of said judgement together with a request for trial.”

 In that the trial court judge dismissed the case with the request for trial before him, we conclude that he must have given some consideration to the grounds alleging the four years of inactivity; otherwise his finding would be illogical.

 Even in saying this, we are mindful that, in this case, where the injured party is a minor and the dismissal was without prejudice, the plaintiff may have a right to refile her claim.