Tynes, J.
This case arises from a civil action filed in the Brighton Division of the Boston Municipal Court. The Plaintiffs, Lucia R. Groff and Marcelo Olivieira, brought suit against their former partners, Defendants Valdir C. daSilva and Maxilandia A. Carvalho, for breach of contract after the parties’ restaurant business failed. The matter was scheduled for trial on June 19,2013. At a pre-trial conference on May 8,2013 the Court, without request by either party, removed the case from the trial list for June 19,2013 and ordered the parties to report for mediation on June 19,2013. After mediation proved unfruitful, the trial was rescheduled for August 20,2013. An amended joint pretrial memorandum was submitted on July 10,2013. On August 16,2013, four days before the scheduled trial date, the clerk’s office informed the parties that the court would not be able to reach the trial on the scheduled date. The parties were unable to agree to a new trial date. On August 23,2013, the plaintiffs moved for a trial date in September or October because a family emergency required them to return to Brazil. A November trial date would place them in an especially difficult position, noting that plaintiff Groff had an ailing adult daughter in Brazil whom she desperately needed to see; plaintiff also stated that she would not be able to return to the United States once she had left the United States.
*151 The Court then set the trial date for November 22, 2013. Prior to that date the plaintiffs left the country and went to Brazil. On October 16, 2013, the plaintiff filed a motion for leave to testify by video, again citing as reasons that the plaintiffs had left the country to be -with Groff’s ailing adult daughter. On October 21,2013, a judge of the Boston Municipal Court denied the plaintiffs’ motion without a hearing. On October 29,2013, the plaintiffs filed a motion “[f]or a report to the appellate division” and a motion to continue the trial date, both of which were denied by the Court on November 7, 2013. Neither party reported for trial on November 22, 2013. On December 4,2013, the court dismissed the plaintiffs’ action and the defendants’ counterclaim. A Judgment of Dismissal was subsequently entered on February 24,2014.[1]
The plaintiffs bring this appeal alleging that it was an abuse of the judge’s discretion to deny their motion to testify by video; to deny their motion to report to the appellate division; to deny their motion to continue; and to dismiss their claims. We affirm the judgment.
Standard of Review
In L.L. v. Commonwealth, 470 Mass. 169 (2014), the Supreme Judicial Court announced a new standard of review for judicial abuse of discretion stating:
An appellate court’s review of a trial judge’s decision for abuse of discretion must give great deference to the judge’s exercise of discretion; it is plainly not an abuse of discretion simply because a reviewing court would have reached a different result. But the “no conscientious judge” standard is so deferential that, if actually applied, an abuse of discretion would be as rare as flying pigs. When an appellate court concludes that a judge abused his or her discretion, the court is not, in fact, finding that the judge was not conscientious or, for that matter, not intelligent or honest. Borrowing from other courts, we think it more accurate to say that a judge’s discretionary decision constitutes an abuse of discretion where we conclude the judge made “a clear error of judgment in weighing” the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives.
L.L. v. Commonwealth, 470 Mass. 169 (citations omitted).
It is through this lens that we address the issues raised by the plaintiffs.
Motion for Video Testimony
After being notified of a new trial date, the plaintiffs elected to leave the country and travel to Brazil for an indefinite period of time. Given that they would not be available to participate in or testify at the trial on the designated trial date, they moved the court to allow them to testify by way of a video feed. The court denied that motion and the plaintiffs assert that the judge abused his discretion by denying that motion.
The plaintiffs note in their brief that while Massachusetts Rule of Civil Procedure 30A does not specifically authorize testimony by way of a live internet video feed, it does authorize and provides procedures for audiovisual depositions and evidence. The plaintiffs buttress their argument with a Superior Court decision where the judge allowed a similar motion for video testimony. As the judge in that case stated, “it *152 is within the court’s discretion to allow audiovisual testimony, even absent express authorization by the rules.” Cordero v. Galway Bay Decor, Inc., MICY 2010-0090 (Mass. Super. Ct. Jan. 27, 2012) (Murtagh, J.), cf. Commonwealth v. Perez, 390 Mass. 308, 316 (1983). Similarly, and necessarily, it is also therefore within the court’s discretion not to allow audiovisual testimony absent express authorization by the rules. When we apply the standard announced by the Supreme Judicial Court in L.L. v. Commonwealth and query whether the judge abused his discretion by disallowing this method of testimony we cannot conclude that “the judge made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.” Id. As also noted by the plaintiffs by way of the superior court decision, “a judge is responsible for controlling the trial maintaining order in the courtroom and guarding against improper conduct of counsel.” Commonwealth v. Perez, 390 Mass. 308, 316 (1983).
Motion for a Report to the Appellate Division
After the court denied the plaintiffs’ request for audiovisual testimony, the plaintiffs filed a motion for a report to the appellate division which was denied. The plaintiffs assert on appeal that it was an abuse of discretion to deny that request.
It is elementary that there is no right to immediate appellate review of interlocutory orders or rulings. An interlocutory order may be brought to the appellate division only with the consent or upon the voluntary report of a trial judge pursuant to G.L.c. 231, §108, and Dist./Mun. Cts. R. Civ. P., Rule 64(d). The judge’s failure to voluntarily report the allowance of defendants’ motion is within his discretion inasmuch as no party is entitled as a matter of right to piecemeal appellate review. Christopher v. Herb Connolly Buick Co., 1994 Mass. App. Div. 187 (1994) (citations omitted)
Again the plaintiffs fail to demonstrate that the judge abused his sound discretion as the law on this issue clearly disfavors piecemeal appellate review.
Motion to Continue
Fifteen days prior to the trial date, and after having voluntarily left the country for an indefinite period of time, the plaintiffs filed a motion to continue the trial date which was denied by the court. The plaintiffs again assert that the judge abused his discretion by denying the motion to continue.
The decision whether to grant a continuance lies within the sound discretion of the judge. Continuances shall be granted only for good cause. Amaral v. Amaral, 2008 Mass. App. Unpublished Lexis 169.
The plaintiffs moved to have a trial date scheduled presumably because they wanted to have the issues tried and resolved. They then filed a motion to testify while in Brazil by way of a video feed. When that motion was denied along with their motions to both report the case to the Appellate Division and to continue the trial date, the plaintiffs elected to leave the country indefinitely and chose not to litigate their claims. Atrial judge is responsible for controlling the trial and maintaining order in the courtroom. Commonwealth v. Perez, 390 Mass. 308, 316 (1983). It is clearly within the sound discretion of the trial judge to determine how and when to conduct trials as well as how to control and maintain the court calendar.
The plaintiffs have failed here as well to demonstrate that the judge abused his discretion by denying their motion to continue, particularly where there is nothing to demonstrate good cause for the request or for the plaintiffs’ willful decision to leave *153 the country indefinitely without having advised the court of their expectation of when the case could be tried.
Dismissal of the Plaintiffs’ Claim
The Plaintiffs’ final claim is that the judge abused his discretion by dismissing their claims. Massachusetts Rule of Civil Procedure 41(b)(2) allows for a judge to dismiss a claim on his own motion for want of prosecution. The allowance or denial of a motion to dismiss for failure to prosecute is committed to the judge’s sound discretion. The power to invoke the sanction for dismissal for want of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars. Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986).
After examining the judge’s decision through the lens of the standard in L.L. v. Commonwealth, we conclude that the judge did not abuse his discretion by dismissing the claim where neither party chose to appear on the date scheduled for trial.
We conclude that the judge did not abuse his discretion and accordingly the judgment of dismissal is affirmed.
So ordered.

 On April 13, 2015, after oral argument, plaintiffs notified the Appellate Division that Ms. Groff had returned to Brazil on March 6,2015.