NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-883

WEBSTER BANK, NATIONAL ASSOCIATION, N.A.

vs.

MARK E. ROBINSON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Webster Bank, National Association, N.A. (bank), appeals from a Superior Court judgment dismissing its legal malpractice complaint for failure to prosecute.[2] After the parties agreed to a stay pending an appeal, the bank took no action on this lawsuit between when the stay expired in October 2014 (or, at the latest, January 2016) and October 21, 2021, despite repeatedly asserting in communications to the defendants that the case was ready to proceed, as early as December 2015. Concluding that the motion judge acted within his discretion in dismissing the action for failure to prosecute and that there was no evidence of judicial bias, we affirm.

_____

[1] David H. Farrag.

[2] The plaintiff alleged several causes of action against each defendant. The precise claims are not relevant to this appeal.

1.  Involuntary dismissal.  "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974).  "The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars."  Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986), quoting Link v. Wabash R.R., 370 U.S. 626, 629-630 (1962).  Nonetheless, "[i]nvoluntary dismissal is a drastic sanction which should be utilized only in extreme situations."  Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471 (1991), quoting Monahan v. Washburn, 400 Mass. 126, 128 (1987).  "As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay.  A judge should also give sufficient consideration to the prejudice that the movant [for dismissal] would incur if the motion were denied, and whether there are more suitable, alternative penalties."  Monahan, supra at 128-129.  We review a dismissal for want of prosecution for an abuse of discretion.  See Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209 (1989).  There was none.

The bank argues that its delay was justified because it needed to obtain possession of the property that was the focus

2

of its legal malpractice claim before it could assess its losses. See Foley v. Walsh, 33 Mass. App. Ct. 937, 938 (1992) (improper to dismiss for failure to prosecute where "the record shows that the plaintiff made numerous attempts, at intervals of no more than one year, to obtain [defendant's] residential address in order to effect service"). It is not usually the case, however, that tort actions are stayed until all future damages have been incurred, and the parties' contemporaneous actions do not support the bank's position now.

The parties' November 2009 joint motion to stay stated that a stay was necessary pending the foreclosure, and the bank's demand for damages is based on the amount obtained at the foreclosure sale.[3] Even before the June 2018 foreclosure, on December 7, 2015, the bank wrote to the defendants, "I believe that it is time that our case proceed." Again, on January 29, 2016, the bank wrote to the defendants, "It is time for us to litigate the legal malpractice/fraud case or settle." On July 13, 2018, after the foreclosure, the bank wrote to the defendants, "now that Webster has foreclosed, its loss can be

---

[3] The motion read in part, "in order to fully determine the amount of damages claimed by the plaintiff, the plaintiff must take actions to mitigate its loss by means of foreclosing on [the] property and that said mitigation inures to the benefit of all of the moving parties." We do not suggest that pending foreclosure proceedings would have excused the bank's delay absent an agreement by the parties.

3

established and this case either settled or litigated." The bank, however, took no action until October 21, 2021, a few months after the bank obtained possession of the property on June 30, 2021. The motion judge was entitled to credit the bank's contemporaneous statements over its later litigation position.

In light of this, the motion judge acted within his discretion in dismissing the action where the bank did nothing in the action for three years after foreclosing on the property and several years after the last formal stay expired.[4] See Hoch v. Gavan, 25 Mass. App. Ct. 550, 552-553 (1988) (holding dismissal proper after four years without proper service). Although "we are mindful that dismissal is a harsh result, rule 41 (b) (2) would be ineffective if a judge were unable to exercise his discretion to dismiss a case for want of prosecution" when several years have "elapsed without any form of affirmative prosecutorial activity." Bucchiere, 396 Mass. at 642 (affirming dismissal after six and one-half years had elapsed).[5]

---

[4] The last stay expired either on October 7, 2014, when the judgment after rescript for the property owner's appeal issued or -- taking matters rather generously -- on January 14, 2016, when the United States Supreme Court denied certiorari.

[5] We need not determine whether, as the motion judge found, the defendants were prejudiced by the delay. The motion judge's decision did not rely on the finding of prejudice, and such a finding was not necessary to justify a dismissal. Similarly, we

2. Judicial bias. The bank argues that the motion judge exhibited bias, but it made no objection or request for recusal in the trial court. "Substantial authority exists that recusal motions filed after [an adverse ruling] are presumptively untimely at least absent a showing of good cause for tardiness." Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 547 (1998). The plaintiff's "belated request suggests a tactical decision in the face of an adverse ruling." Matter of a Care & Protection Summons, 437 Mass. 224, 239 (2002). Moreover, we discern no evidence of judicial bias from the judge's comments that "Webster Bank is in the business of -- of giving out mortgages and foreclosing on them when they're not being paid," and that "it's a multibillion dollar corporation." A judge may consider a party's sophistication in weighing whether a delay was reasonable. See Cabot Corp. v. AVX Corp., 448 Mass. 629, 644 (2007) (considering sophistication of plaintiff in weighing

---

need not imagine whether some lesser sanction would have sufficed. The motion judge considered that possibility but found that lesser sanctions "would only reward Webster's dilatory conduct." We note that the bank first identified a lesser sanction at oral argument before us. We need not address issues that were not raised in the trial court. See Jacobs v. Massachusetts Div. of Med. Assistance, 97 Mass. App. Ct. 306, 311 n.7 (2020).

5

reasonableness of delay in bringing suit).

Judgment affirmed.

By the Court (Wolohojian,
Shin & Ditkoff, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:   October 13, 2023.

---

[6] The panelists are listed in order of seniority.