NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1257

PETER J. CHONGARLIDES, SR.

vs.

THOMAS M. HODGSON[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In December 2021, the self-represented plaintiff, Peter J. Chongarlides, filed a complaint seeking certiorari, G. L. c. 249, § 4, challenging six administrative disciplinary decisions from the Bristol County house of correction. The defendants timely answered but failed to attach the administrative record as required under Superior Court Standing Order 1-96 (2020). Citing this error, the plaintiff moved for a default judgment. A judge of the Superior Court denied the

_____

[1] Sheriff, Bristol County, in his official and individual capacities.

[2] Steven J. Souza, Superintendent; Joseph J. Oliver, Third, Colonel; Ryan Suave, Disciplinary Captain; Kayla Motta, Disciplinary Officer; and Treveor Tavares, Disciplinary Officer, all in their official and individual capacities.

motion and ordered the defendants to file the administrative record.  The defendants complied.  Pursuant to Superior Court Standing Order 1-96 the judge allowed the plaintiff thirty days to file a motion for judgment on the pleadings.  Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974).  Almost a year passed without the plaintiff's filing the motion.  The defendants eventually moved to dismiss for failure to comply with Superior Court Standing Order 1-96, citing Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974).  The motion was allowed.  We affirm.

1.  Involuntary dismissal.  "The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars."  Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986), quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629-630 (1962).  We review a judge's decision to allow a motion under Mass. R. Civ. P. 41 (b) (2) for an abuse of discretion, Bucchiere, supra, characterized as "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  The plaintiff maintains that because the defendants initially failed to attach the administrative record

2

to their answer the judge erred by allowing the defendants' motion to dismiss.

"Certiorari is a limited procedure" reserved for correction of "substantial errors of law committed by a judicial or quasi-judicial tribunal." St. Botolph Citizens Comm., Inc. v Boston Redev. Auth., 429 Mass. 1, 7 (1999). It is not like a civil action in which discovery is typically propounded and taken.

The plaintiff was on notice of the nature of his suit, his filing obligation, and the due date for that filing. The defendants complied with the judge's post-answer order to file and serve the administrative record in August 2022. See Superior Court Standing Order 1-96 (2). "The Court may alter the time for filing the record, for good cause shown, on an appropriate motion." Superior Court Standing Order 1-96 (2). The next move was the plaintiff's.

Superior Court Standing Order 1-96 (4) dictates that "[a] claim for judicial review shall be resolved through a motion for judgment on the pleadings," Mass. R. Civ. P. 12 (c), which "shall be served within thirty (30) days of the service of the [administrative] record." Standing Order 1-96 (4). See Bulldog Investors Gen. Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 213 (2010); Sullivan v. Superintendent, Mass. Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 771 (2022). The judge notified the parties of this requirement and provided

a deadline for the plaintiff to file his motion.  Superior Court Standing Order 1-96 (4).  The notice warned that "[f]ailure to strictly comply with the provisions of Standing Order 1-96 may result in the entry of dismissal or default."

After seeking and receiving three extensions of time to file (through which his time was expanded from the thirty days allowed by the standing order to approximately 200 days), the plaintiff failed to file the required motion.  Instead, he filed numerous discovery requests and other motions.[3]  In April 2023, with the plaintiff's motion over a month overdue from its third extended filing date, the defendants moved to dismiss for failure to comply with Superior Court Standing Order 1-96, and the plaintiff again sought default judgment.  The plaintiff never filed the required motion for judgment on the pleadings.

Once the defendants filed the administrative record, "the only appropriate way for the court to evaluate the claim [was] through a review of the administrative record upon a motion for judgment on the pleadings."  Crowell v. Massachusetts Parole Bd., 477 Mass. 106, 110 (2017), citing School Comm. of Hudson v.

---

[3] The plaintiff's arguments related to the defendants' lack of response to some of these motions despite having been allowed more time to do so do not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (a), as appearing in 481 Mass. 1628 (2019); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993).  We decline to exercise our discretion to consider them.

4

Board of Educ., 448 Mass. 565, 575-576 (2007).  As that motion was never filed, we perceive no abuse of discretion in the judge's dismissal of the plaintiff's complaint.

"Litigants must act with reasonable diligence to bring their litigation to a final conclusion."  Bucchiere, 396 Mass. at 642, quoting State Realty Co. of Boston v. MacNeil Bros. Co., 358 Mass. 374, 379 (1970).  It is "essential that [a court] devote its time and efforts to those litigants who prosecute their cases with reasonable diligence, and that it deny further consideration of cases which the litigants have unreasonably failed, neglected or refused to prosecute."  Bucchiere, supra, quoting State Realty Co., supra.  In making his ruling, the judge cited the plaintiff's "engage[ment] in frivolous delay tactics rather than advanc[ing] the case" and his many "duplicative and redundant" filings.  "[W]hen a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal" (quotation omitted).  Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 924 (1995), quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990).  See Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991) ("Courts have the inherent power to dismiss an action which the plaintiff has not prosecuted diligently").

5

2.  Default judgment.  The plaintiff also claims that the delayed filing of the administrative record warranted entry of default judgment.  For the reasons explained above, we are not persuaded.  The entry or denial of default judgments "has to do with the management of the case and, as such, is committed to the sound discretion of the trial judge."  Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).  By denying the plaintiff's motions, the judge appropriately balanced the concern for "giving parties their day in court," while "not so blunting the rules that they may be ignored with impunity" (quotation and citations omitted).  Id. at 429-430.  Cf. USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 135 (1983) (although procedural rules are not mere guidelines, judge may "forgive a failure to comply with a rule if the

failure does not affect the opposing party's opportunity to develop and prepare a response").[4]

Judgment affirmed.

By the Court (Sacks, Hershfang & Tan, JJ.[5]),

Clerk

Entered:  July 21, 2025.

---

[4] The plaintiff also maintains that his complaint is not moot.  Because the case was properly dismissed, we need not address this argument.

[5] The panelists are listed in order of seniority.