NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-701

EDWARD JOSEPH DONAHUE

vs.

WENDY ANNE SULLIVAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In April 2022, the plaintiff, Edward Joseph Donahue, filed a complaint in the Superior Court against the defendant, Wendy Anne Sullivan,[1] alleging she received his social security checks and kept them for herself.  The defendant filed a motion to dismiss, which was denied by a judge (first judge) after a hearing in October 2022.  After neither party took further action in the case for approximately eighteen months, a second judge ordered that a status report be filed by March 8, 2024. The plaintiff did not respond to the second judge's order by the March 8 deadline and on March 15, 2024, the second judge

_____

[1] The defendant is the plaintiff's daughter.  She did not file a brief on appeal.

dismissed the case for failure to prosecute.  A judgment of dismissal entered on that date.  On April 5, 2024, the plaintiff filed a status report and a motion to revoke the order of dismissal.  The first judge denied the motion to revoke the dismissal and the plaintiff's subsequent motion for reconsideration.  On appeal, the plaintiff argues that the first judge abused her discretion in denying his motion to revoke the order of dismissal.[2]  We affirm.

Discussion.  Under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974), the judge may dismiss a case "for failure of the plaintiff to prosecute or to comply with . . . any order of court."  The allowance of a motion to dismiss under this rule can be "harsh," Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986), but the decision is "committed to the judge's sound discretion," and "is critical to the orderly and expeditious disposition of cases and the calendar as a whole." Id. at 641.  "Only in rare instances can it be ruled that [such

_____

[2] The plaintiff's motion to revoke the dismissal did not expressly seek relief from the judgment.  See Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 [b]), although he later invoked rule 60 (b) in his motion for reconsideration.  The plaintiff has appealed only from the order denying his motion to revoke the dismissal; he did not notice an appeal from the underlying judgment of dismissal or the order denying his motion for reconsideration.

an order constitutes] an abuse of discretion amounting to [an] error of law" (citation omitted).  Id.

We discern no abuse of discretion here.  The first judge denied the plaintiff's motion to revoke an order of dismissal because no action had been taken in the case for eighteen months and plaintiff's counsel had not been in contact with the plaintiff for several months.  See Bucchiere, 396 Mass. at 640 (dismissal for lack of prosecution where plaintiffs took no affirmative steps for more than six years after filing their complaint, including "two years of [complete] inaction"); Hoch v. Gavan, 25 Mass. App. Ct. 550, 552-553 (1988) (holding dismissal proper after four years without proper service). Contrast Dewing v. J.B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471 (1991) (judge abused discretion in dismissing for lack of prosecution where plaintiff completed discovery, manifested intention to go to trial, and was merely awaiting trial date). We discern no abuse of discretion in the first judge's determination that the plaintiff's failure to maintain contact with his attorney while living in Denmark was not a satisfactory reason for his inaction.  Nor, where we infer that the first judge discredited plaintiff's counsel's explanation for missing the status report deadline, do we discern an abuse of discretion in that aspect of her ruling.  See Casey v. Casey, 79 Mass. App.

Ct. 623, 633 (2011) (appellate court defers to trial judge's credibility determinations). See Hoch, 25 Mass. App. Ct. at 552 ("judge in discretion may dismiss an action when in the course of the litigation there has been long-extended inaction by the plaintiff and . . . plaintiff fails to come forward with a showing of reasonable excuse").

Order denying motion to revoke order of dismissal affirmed.

By the Court (Rubin, Hand & Smyth, JJ.[3]),

Paul Little

Clerk

Entered: November 10, 2025.

---

[3] The panelists are listed in order of seniority.

4